**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WP COMPANY LLC** <br> **d/b/a THE WASHINGTON POST**, <br><br>     1301 K Street NW <br>     Washington, DC 20071 <br><br> **BLOOMBERG L.P.**, <br><br>     731 Lexington Avenue <br>     New York, NY 10022 <br><br> **DOW JONES & COMPANY, INC.**, <br><br>     1211 Avenue of the Americas <br>     New York, NY 10036 <br><br> **PRO PUBLICA, INC.**, <br><br>     155 Avenue of the Americas, 13th Floor <br>     New York, NY 10013 <br><br> **THE NEW YORK TIMES COMPANY**, <br><br>     620 Eighth Avenue <br>     New York, NY 10018 <br><br>            Plaintiffs, <br><br> v. <br><br> **U.S. SMALL BUSINESS ADMINISTRATION**, <br><br>     409 3rd Street NW <br>     Washington, DC 20416 <br><br>            Defendant. | Case No. 20-cv-1240 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs WP Company LLC d/b/a The Washington Post, Bloomberg L.P., Dow Jones & Company, Inc., Pro Publica, Inc., and The New York Times Company bring this suit against Defendant the U.S. Small Business Administration ("the SBA"). In support thereof, Plaintiffs state as follows:

**INTRODUCTION**

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.  Through FOIA, Plaintiffs have each sought from the SBA records that would identify and provide basic information about the private businesses that have recently received public assistance as part of the federal government's efforts to address the economic fallout of the COVID-19 pandemic.

2.      Plaintiffs submitted these FOIA requests and sought expedited processing of them because of the public interest in contemporaneously monitoring the disbursement of billions of taxpayer dollars through expansive federal initiatives – most notably the new Paycheck Protection Program – during this period of unprecedented financial and social disruption, and because the SBA has until now routinely provided such information about businesses that take out SBA loans.

3.      In violation of FOIA, the SBA has constructively denied two requests for the records and has denied or constructively denied expedited processing of several other requests.

**PARTIES**

4.      Plaintiff WP Company LLC d/b/a The Washington Post (the "Post"), a news organization based in Washington, D.C., publishes the leading daily newspaper, by print circulation, in the nation's capital, as well as the website washingtonpost.com, which typically reaches an audience of more than 80 million unique visitors per month, according to independent auditor comScore.  Since 1936, the *Post* has won 69 Pulitzer Prizes.

5.      Plaintiff Bloomberg L.P. ("Bloomberg"), is the owner and operator of Bloomberg News.  Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, print and live events.

6.      Plaintiff Dow Jones & Company, Inc. ("Dow Jones") is the publisher of *The Wall Street Journal*.  For over 130 years, Dow Jones has been a global provider of news and business information, delivering content to consumers and organizations around the world across multiple formats, including print, digital, mobile, and live events.

7.      Plaintiff Pro Publica, Inc. ("ProPublica"), a non-partisan newsroom based in New York, publishes its reporting through its website, www.propublica.org.  As an independent news organization dedicated to producing investigative journalism in the public interest, ProPublica has been honored with numerous awards, including six Pulitzer Prizes, and has published one or more articles in partnership with more than 200 different news organizations, including 43 already in 2020.

8.      Plaintiff The New York Times Company ("The Times") publishes *The New York Times* newspaper and www.nytimes.com.  The Times is headquartered in New York.

9.      Defendant, the SBA, is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The SBA has possession and control of the records requested by the Plaintiffs.

## JURISDICTION AND VENUE

10.     This action arises under FOIA.  This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), & (a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

11.     Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

I.      **The COVID-19 Pandemic**

12.      On January 31, 2020, the federal government declared a public health emergency as to the outbreak of the novel coronavirus SARS-CoV-2, which causes the disease COVID-19.

*See* https://www.hhs.gov/about/news/2020/01/31/secretary-azar-declares-public-health-emergency-us-2019-novel-coronavirus.html.

13.     COVID-19 is believed to have infected at least 1,354,504 people and killed 81,076 people in the United States.  Those figures are current to date but continue to be updated at https://coronavirus.jhu.edu/map.html.

14.     As the Federal Reserve has recognized, the COVID-19 pandemic is also causing "economic hardship across the United States and around the world.  The virus and the measures taken to protect public health are inducing sharp declines in economic activity and a surge in job losses."  *See* https://www.federalreserve.gov/newsevents/pressreleases/monetary20200429a.htm.

15.     Perhaps the starkest indicator of COVID-19's economic impact is that, as of April 2020, the U.S. unemployment rate has reached 14.7 percent, its highest level since the Great Depression.  *See* https://www.bls.gov/news.release/empsit.nr0.htm.

16.     Federal Reserve Chair Jerome Powell has further stated that "economic activity will likely drop at an unprecedented rate in the second quarter," and that "[w]e're going to see economic data for the second quarter that's worse than any data we've seen for the economy." *See* https://www.federalreserve.gov/mediacenter/files/FOMCpresconf20200429.pdf at 2, 12.

**II.     The Paycheck Protection Program And Economic Injury Disaster Loan Program**

17.     In March 2020, the federal government escalated its efforts to address the growing economic crisis caused by the COVID-19 pandemic by passing into law the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  *See* Public Law No. 116-136.

18.     A key component of the CARES Act is the creation of the Paycheck Protection Program ("PPP"), which amends Section 7(a) of the Small Business Act.  *Id.* § 1102(a).

19.     According to the Treasury Department, the PPP "is implemented by the [SBA] with support from the Department of the Treasury," and it "provides small businesses with funds

to pay up to 8 weeks of payroll costs including benefits," as well as "interest on mortgages, rent, and utilities."  *See* https://home.treasury.gov/policy-issues/cares/assistance-for-small-businesses.

20.     The SBA represents that it will forgive loans made under the PPP so long as all employees of the borrower "are kept on the payroll for eight weeks and the money is used for payroll, rent, mortgage interest, or utilities."  *See* https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program.

21.     According to the SBA's Office of Inspector General, "SBA launched the [PPP] on April 3, 2020, and just 14 days later, by April 16, PPP lenders approved more than 1,661,000 loans totaling nearly $342.3 billion.  On April 24, 2020, the President signed the Paycheck Protection Program and Health Care Enhancement Act to provide an additional $310 billion to the PPP.  SBA initiated this cycle of additional funding on April 27, 2020.  As of May 6, PPP lenders approved an additional 2,441,369 loans, totaling about $183.5 billion."  *See* https://www.sba.gov/document/report-20-14-flash-report-small-business-administrations-implementation-paycheck-protection-program-requirements.

22.     The SBA also announced that it would lend up to $2 million to small businesses affected by COVID-19 under the agency's Economic Injury Disaster Loan ("EIDL") program.  *See* https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-provide-disaster-assistance-loans-small-businesses-impacted-coronavirus-covid-19.

23.     In the precursor to the CARES Act, the Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020, Congress gave the SBA authority to make disaster loans to businesses injured by the COVID-19 pandemic.  *See* Public Law No. 116-123.  Congress later provided $10 billion in additional funds for cash advances under the EIDL program, *see* CARES Act § 1107(a)(6), and it subsequently appropriated $50 billion more for the EIDL program as

well, *see* PPP and Health Care Enhancement Act, 134 Stat. 628, Div. B, Tit. II.

### III.    Questions Surrounding The SBA's COVID-Related Programs

24.    While the SBA has not yet disclosed which companies have received loans under

its COVID-related assistance programs, press reports have identified certain PPP loan recipients,

leading to questions over whether that program is functioning as originally intended.  *See, e.g.*,

https://www.wsj.com/articles/these-are-the-public-companies-that-got-small-business-loans-

11587493742; https://www.propublica.org/getinvolved/coronavirus-company-bailouts.

25.    Some of these PPP borrowers have decided to return the SBA's loans in the face

of this public scrutiny.  For example, Shake Shack, a $1.6 billion burger-and-fries chain based in

New York City, received $10 million under the PPP, but the company later decided to return the

loan, writing in an open letter, "If this act were written for small businesses, how is it possible

that so many independent restaurants whose employees needed just as much help were unable to

receive funding?"  *See, e.g.*, https://www.washingtonpost.com/business/2020/04/20/white-house-

gop-face-heat-after-hotel-restaurant-chains-helped-run-small-business-program-dry/.

26.    Other businesses that have announced they will return PPP loans include Ruth's

Chris Steak House, luxury cruise operator Lindblad Expeditions, and the Los Angeles Lakers.

*See, e.g.*, https://www.bloomberg.com/news/articles/2020-05-08/jpmorgan-s-publicly-traded-

clients-give-back-the-most-ppp-loans.

27.    The Ashford Hospitality Trust, which owns hotels and resorts, also announced it

will return PPP funds after its subsidiaries applied for $126 million in loans and received more

than $70 million.  *See, e.g.*, https://www.nytimes.com/2020/05/02/business/economy/ashford-

hotels-virus-monty-bennett.html/.

28.     On May 8, 2020, the U.S. House of Representatives Select Subcommittee on the

Coronavirus Crisis sent letters to several PPP borrowers "demanding that [these] large, public corporations immediately return taxpayer funds that Congress intended for small businesses struggling to survive during the coronavirus crisis." *See* https://oversight.house.gov/news/press-releases/in-first-official-action-house-coronavirus-panel-demands-that-large-public.

29.     Also on May 8, 2020, the SBA's Office of Inspector General issued a "Flash Report" on the agency's implementation of the PPP, which found several "areas . . . that did not fully align with the [CARES] Act's provisions," including that the "SBA did not provide guidance to lenders about prioritizing borrowers in underserved and rural markets," such that "these borrowers, including rural, minority and women-owned businesses may not have received the loans as intended." *See* https://www.sba.gov/sites/default/files/2020-05/SBA_OIG_Report_20-14_508.pdf at 4.

30.     On April 9, 2020, the National Federation of Independent Businesses released the results of a small business survey, finding that "[o]f those who applied for the EIDL loan, just 4% have been approved and 1% not approved.  Most applicants of the EIDL have yet to receive an update on the statuses of their application and no small business applicants have received the loan or the emergency grant." *See* https://www.nfib.com/content/press-release/economy/70-percent-of-small-businesses-applied-for-ppp-loans-nearly-half-applied-for-eidl/.

31.     On April 10, 2020, a group of 15 lawmakers wrote to SBA Administrator Jovita Carranza and Treasury Secretary Steven Mnuchin to raise concerns that the PPP and EIDL "are not being implemented as Congress intended."  As to the EIDL in particular, the lawmakers wrote that "the law requires SBA to issue advances within three days of receipt of applications, yet small business owners say they are still waiting weeks after applying." *See* https://velazquez.house.gov/sites/velazquez.house.gov/files/NYC%20Del%20letter%20to%20M

nuchin%20and%20Carranza%2004-10-20%20%28signatures%29%20final.pdf at 2.

32.     On May 4, 2020, a group of 103 lawmakers wrote to Administrator Carranza, stating that "many of our constituents who applied for [EIDL] have yet to hear about the status of their application.  In fact, many small businesses have been without meaningful information from the SBA for weeks."  The lawmakers' letter further stated that "[t]he sporadic and incomplete data thus far provided to Congress has been woefully insufficient, making it impossible to conduct proper oversight and keep our constituents informed."  *See* https://luria.house.gov/sites/luria.house.gov/files/wysiwyg_uploaded/2020.05.04%20Schneider%20Letter%20to%20SBA%20on%20EIDL.pdf at 1-2.

33.     That same day, the SBA announced that it would "begin accepting new EIDL applications on a limited basis" and provide assistance only to "agricultural businesses."  *See* https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-make-economic-injury-disaster-loans-available-us-agricultural-businesses-impacted-covid-19.

## IV.     The Plaintiffs' FOIA Requests

34.     All of the Plaintiffs have submitted FOIA requests to the SBA for records that would identify and provide basic information about the businesses approved for public assistance under the SBA's COVID-related programs, including the PPP and EIDL.  Though there are slight variations among these requests, as detailed below, they all seek essentially the same information that the SBA has up until now routinely provided about the businesses that borrow funds under its Section 7(a) program – the program that the CARES Act expanded to create the PPP.  *See* https://www.sba.gov/about-sba/open-government/foia (under "Frequently requested records").

35.     All of the Plaintiffs sought expedited processing of these requests based on the

compelling need to provide the public with contemporaneous information about these important federal programs.

36.     The SBA has either failed to respond to the requests or it has issued boilerplate responses stating that, at some indefinite point "[i]n the near future," the SBA hopes "to turn [its] efforts to providing loan specific data to the public"; the SBA's responses provide no concrete indication of what that data will include or when that data will actually be made available.  *See also* https://www.sba.gov/about-sba/open-government/foia (under "Frequently requested records").

37.     To date, the SBA has not produced any records responsive to any of the Plaintiffs' FOIA requests.

38.     To date, the SBA has not informed any of the Plaintiffs as to the scope of the records that the agency will produce in response to any of the Plaintiffs' requests.

39.     To date, the SBA has not informed any of the Plaintiffs as to the scope of responsive records that the agency will withhold pursuant to any FOIA exemption(s).

40.     To date, the SBA largely has not provided a determination on whether these FOIA requests will receive expedited processing, or it has denied expedited processing outright.

**The Post's Request**

41.     The Post submitted a FOIA request (the "Post Request") to the SBA on April 24, 2020, seeking records relating to the PPP and EIDL program.

   a.   Specifically, the Post Request sought the following information as to the recipients of PPP loans "from April 3, 2020 until the completion of this loan program": (i) "Names and commercial street and email addresses of recipients of approved loans"; (ii) "Date of loan approval and date of disbursement (if available)"; (iii) "Names of officers, directors, stockholders or partners of

9

recipient firms"; (iv) "Kinds and amounts of loans, loan terms, interest rates, maturity dates, general purpose"; and (v) "Identity and location of participating banks."  A true and correct copy of the Post Request is attached hereto as Exhibit A.

b.  As the Post Request stated, the PPP loan application itself includes the following notice to potential borrowers under the heading "Freedom of Information Act (5 U.S.C. § 552)":

> Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity.

Ex. A at 1; *see also* https://www.sba.gov/document/sba-form-2483-paycheck-protection-program-borrower-application-form.

c.  The Post Request also sought the same categories of information about recipients of EIDL loans, "from March 12, 2020 until the completion of this loan program." Ex. A at 2.

d.  As the Post Request noted, "it is clear from the [SBA's] website that the SBA already has this data for both loan programs in a database and is merely withholding much of it from the public," as "[t]he SBA produces weekly reports for the PPP program and the EIDL program breaking down these loans by state, size of loan, type of industry sector and number of loans approved per lender." Ex. A at 2; *see also* https://www.sba.gov/about-sba/open-government/foia (under "Frequently requested records").

10

42.     The Post Request asked for expedited processing because the Post is primarily

engaged in the dissemination of information and because there is an urgent need to inform the

public about activities of the federal government, namely on the grounds that "[k]nowledge of

the efficiency of the PPP and EIDL is a matter of current exigency to the American public";

"[d]elay in releasing information about the efficiency of the PPP and the EIDL will compromise

the recognized public interest in being informed of the efforts and success of the federal stimulus

program law enacted to fight the economic fallout of the COVID-19 pandemic"; "SBA loans are

clearly federal government activity"; and "[t]here are credible claims, including by members of

the House of Representatives and Senate, and U.S. governors, that aspects of the government's

activity in the PPP and EIDL are improper."  Ex. A at 2.

43.     The Post's FOIA Director, Nate Jones, certified that these grounds for expedited

processing were true and correct to the best of his knowledge.  *Id.* at 3.

44.     To date, the SBA has not provided the Post with a determination on whether the

Post Request will receive expedited processing.

45.     To date, the SBA has not provided a complete response to the Post Request.

**Bloomberg's Requests**

46.     Bloomberg submitted a series of FOIA requests to the SBA between April 8 and

April 29, 2020, seeking records relating to the PPP and EIDL program (together, the "Bloomberg

Requests").  Specifically, the Bloomberg Requests sought (i) "Records of approved Paycheck

Protection Program loans," with "data on each loan in the same format as currently provided by

the SBA for 7(a) loans published on the SBA's website"; (ii) "Records of approved Covid-19

Economic Injury Disaster Loans," with "data on each loan in the same format as currently

provided by the SBA for EIDL's (CFDA 59.008) published on usaspending.gov"; and

11

(iii) "Records of approved Emergency Economic Injury Disaster Loan Grants, as authorized

under Section 1110 of the CARES Act," with "data on each loan in a similar format as that

provided by the SBA for all EIDL's (CFDA 59.008) published on usaspending.gov," which

"should include but need not be limited to the following fields: value of emergency grant, face

value of related EIDL loan, action date, recipient name, recipient parent duns, recipient parent

name, recipient address, recipient city name, recipient county code, recipient county name,

recipient state code, recipient state name, recipient ZIP code, recipient congressional district."

The Bloomberg Requests sought these records for the period from: the start of the programs

through April 8, 2020; April 9, 2020 through April 15, 2020; April 16, 2020 through April 22,

2020; and April 23, 2020 through April 29, 2020.  A composite of the Bloomberg Requests is

attached hereto as Exhibit B.

47.     The Bloomberg Requests asked for expedited processing because the requestor

"is engaged in the dissemination of information to the public and the subject matter related to

this request is a matter of great public interest, debate, and urgency," in particular that "the

survival of the U.S. economy, and especially small businesses, during the Covid-19 pandemic is

a matter of great public concern; the SBA's loan programs are the central pillar of the U.S.

government's plan to rescue small businesses; and accountability, scrutiny, and oversight of

these efforts depends on timely public disclosure of the SBA's actions."  *See generally* Ex. B.

48.     The SBA responded to the first of the Bloomberg Requests, assigned handling

number SBA-2020-000555 (the "555 Bloomberg Request") via email on April 20, 2020,

providing no information as to when responsive records would be released, and making the

boilerplate statement that "[i]n the future, we will be able to turn our efforts to providing loan

specific data to the public but hope that all understand the need for the Agency to focus its efforts

fulfilling the needs of the small businesses."  SBA responded to the remainder of the Bloomberg

Requests with essentially identical emails on April 21, April 23, May 4, and May 6, 2020.  A

composite of SBA's responses to the Bloomberg Requests is attached hereto as Exhibit C.

49.     To date, the SBA has not produced any records responsive to the 555 Bloomberg

Request.

50.     To date, the SBA has not informed Bloomberg as to the scope of the records that

the agency will produce in response to the 555 Bloomberg Request.

51.     To date, the SBA has not informed Bloomberg as to the scope of records

responsive to the 555 Bloomberg Request that the agency will withhold pursuant to any FOIA

exemption(s).

52.     On April 26, 2020, the SBA notified Bloomberg via email that expedited

processing "has been denied" for the FOIA request that Bloomberg submitted on April 15, 2020,

which was assigned handling number SBA-2020-000620 (the "620 Bloomberg Request").  On

May 5, 2020, the SBA notified Bloomberg via email that expedited processing "has been denied"

for the FOIA request that Bloomberg submitted on April 23, 2020, which was assigned handling

number SBA-2020-000910 (the "910 Bloomberg Request").  On May 11, 2020, the SBA notified

Bloomberg via email that expedited processing "has been denied" for the FOIA request that

Bloomberg submitted on April 29, 2020, which was assigned handling number SBA-2020-

001018 (the "1018 Bloomberg Request").  A composite of SBA's emails denying expedited

processing of these requests is attached hereto as Exhibit D.

53.     To date, the SBA has not provided a complete response to any of the Bloomberg

Requests.

**Dow Jones's Requests**

54.     Dow Jones submitted a series of six FOIA requests to the SBA between April 13

and May 1, 2020, seeking records relating to PPP recipients.  A composite of Dow Jones's FOIA

requests is attached hereto as Exhibit E.

55.     In the first request, submitted on April 13 and assigned handling number SBA-

2020-000580 (the "580 Dow Jones Request"), Dow Jones sought "[a] summary database of

information for all APPROVED loans under the Paycheck Protection Program of the 2020

CARES Act from the time the program began accepting applications through the end of business

on April 13, 2020," including "all data fields the [SBA] tracks for each loan that it determines is

information generally disclosed under FOIA, including but not limited to: 1) names, commercial

street addresses, and e-mail addresses of recipients of approved loans, 2) names of officers,

directors, stockholders or partners of recipient firms, 3) kinds and amounts of loans, loan terms,

interest rates, maturity dates, general purpose, etc., 4) business type 5) bank name and bank

commercial street address, 6) approval date, 7) disbursement date, 8) NAICS description,

9) franchise name and franchise code, if applicable."  Ex. E at 1.

56.     On April 20, 2020, the SBA responded via email to the 580 Dow Jones Request,

providing no information as to when responsive records would be released, and making the

boilerplate statement that "[i]n the future, we will be able to turn our efforts to providing loan

specific data to the public but hope that all understand the need for the Agency to focus its efforts

fulfilling the needs of the small businesses."  A true and correct copy of the SBA's response to

the 580 Dow Jones Request is attached hereto as Exhibit F.

57.     To date, the SBA has not produced any records responsive to the 580 Dow Jones

Request.

58.     To date, the SBA has not informed Dow Jones as to the scope of the records that the agency will produce in response to the 580 Dow Jones Request.

59.     To date, the SBA has not informed Dow Jones as to the scope of records responsive to the 580 Dow Jones Request that the agency will withhold pursuant to any FOIA exemption(s).

60.     In its other requests, submitted April 24 through May 1, 2020, Dow Jones sought (1) "A full data export for approved borrowers and lenders of the [PPP] as of the current date"; (2) the same categories of data for all PPP recipients as of the date the requests were processed; (3) the same categories of data about PPP recipients in the Pacific region; (4) the same categories of data about PPP recipients in the and Mid-Atlantic region; and (5) "the underlying loan level data, stored in a spreadsheet or database or other electronic form, that was used to generate the statistical information the [SBA] has published regarding the [PPP]" at https://content.sba.gov/sites/default/files/2020-05/PPP%20Deck%20copy.pdf.  Ex. E at 2-7.

61.     Dow Jones sought expedited processing of each of its other FOIA requests on the grounds that the requestor is a member of the press and "there is an urgent need to inform the public about how [PPP] funds are used," including because "there is taxpayer money at risk."

62.     On May 11, 2020, the SBA notified Dow Jones via email that expedited processing "has been denied" for the FOIA request that Dow Jones submitted on May 1, 2020, which was assigned handling number SBA-2020-001060 (the "1060 Dow Jones Request").  A true and correct copy of the SBA's email denying expedited processing of the 1060 Dow Jones Request is attached hereto as Exhibit G.

63.     Also on May 11, 2020, the SBA notified Dow Jones via email that expedited processing "has been denied" for the FOIA request that Dow Jones submitted on May 4, 2020,

which was assigned handling number SBA-2020-001088 (the "1088 Dow Jones Request").  A true and correct copy of the SBA's email denying expedited processing of the 1088 Dow Jones Request is attached hereto as Exhibit H.

64.     To date, the SBA has not provided Dow Jones with a determination on whether its remaining FOIA requests will receive expedited processing.

65.     To date, the SBA has not provided a complete response to Dow Jones's requests.

### ProPublica's Requests

66.      ProPublica has submitted two FOIA requests to the SBA for records relating to PPP and EIDL recipients and recipients of assistance from a related SBA program.  In its first request, submitted on April 23, 2020, and assigned handling number SBA-2020-000914 (the "914 ProPublica Request"), ProPublica sought "loan level information about all loans made under the [PPP]" and "the same information for Emergency EIDL Grants," specifically seeking, "for both these programs, . . . the same 34 fields the SBA provides through its "SBA 7(a) & 504 loan data reports" on its FOIA website," as well as "information on the amount of forgiveness allowed for each loan."  A true and correct copy of the 914 ProPublica Request is attached hereto as Exhibit I.

67.     ProPublica sought expedited processing of the 914 ProPublica Request on the grounds that the requestor is a full-time journalist and "[t]he PPP and EIDL programs collectively have been the focus of intense public interest since the program involves hundreds of billions of taxpayer dollars, directly affects tens of millions of Americans, and is taking place during a national emergency."  *Id.* at 2.

68.     On May 4, 2020, the SBA responded via email to the 914 ProPublica Request, providing no information as to when responsive records would be released, and making the

boilerplate statement that the SBA "is providing statistical information" about the PPP and

EIDL.  A true and correct copy of the SBA's response to the 914 ProPublica Request is attached

hereto as Exhibit J.

69.     On May 5, 2020, the SBA notified ProPublica via email that its request for

expedited processing of the 914 ProPublica Request "has been denied."  A true and correct copy

of the SBA's email denying expedited processing is attached hereto as Exhibit K.

70.     To date, the SBA has not provided a complete response to the 914 ProPublica

Request.

71.     In its second request, submitted on April 30, 2020 and assigned handling number

SBA-2020-001043 (the "1043 ProPublica Request"), ProPublica sought "loan level information

about companies that received subsidies for SBA 7(a) loans under Section 1112 of the CARES

Act, 'Subsidy for Certain Loan Payments,'" which "enables the SBA to pay the principal,

interest, and fees that are owed on specified loans for six months."  Specifically, "[i]n addition to

the information the SBA commonly releases through its 'SBA 7(a) & 504 loan data reports' on

its FOIA website," ProPublica sought "for each loan, . . . the beginning date of the 6-month

period that the SBA paid the loan payments, the end date, and the amount paid by the SBA under

Section 1112."  A true and correct copy of the 1043 ProPublica Request is attached hereto as

Exhibit L.

72.     ProPublica sought expedited processing of the 1043 ProPublica Request, on the

grounds that the requestor is a full-time journalist and "[t]he SBA's lending programs

collectively have been the focus of intense public interest since the programs involve hundreds of

billions of taxpayer dollars, directly affects tens of millions of Americans, and is taking place

during a national emergency."  *Id.* at 2.

73.     To date, the SBA has not provided ProPublica with a determination on whether the 1043 ProPublica Request will receive expedited processing.

74.     To date, the SBA has not provided a complete response to the 1043 ProPublica Request.

**The Times's Request**

75.     The Times submitted a FOIA request (the "Times Request") to the SBA on April 27, 2020, seeking "a summary database of information for all approved loans under the [PPP] from the time the program began accepting applications through the end of business on April 13, 2020," including "all data fields the [SBA] tracks for each loan that it determines is information generally disclosed under FOIA, including but not limited to: 1) names, commercial [street] addresses, and e-mail address of recipients of approved loans, 2) names of officers, directors, stockholders or partners of recipient firms, 3) kinds and amounts of loans, loan terms, [interest] rates, maturity dates, general purpose, etc., 4) business type, 5) bank name and bank commercial street address, 6) approval date, 7) disbursement date, 8) NAICS description, 9) franchise name and franchise code, if applicable."  A true and correct copy of the Times Request is attached hereto as Exhibit M.

76.     The Times Request asked for expedited processing because the requestor is primarily engaged in the dissemination of information and because: "there is an urgent need to inform the public about the specific government activity that is the subject of this request"; "the subject of this records request is a matter of extreme media interest that has raised questions about the integrity of the government's trade negotiation practices"; "[t]he requested records will provide insight into which businesses received these loans"; and "[i]t is likely that there will be future debates about which loans should be forgiven under the terms of the program," such that

18

"[t]he requested records will contribute to the public's understanding of this debate about federal government activity." *Id.* at 2.

77.     To date, the SBA has not provided The Times with a determination on whether the Times Request will receive expedited processing.

78.     To date, the SBA has not provided a complete response to the Times Request.

<u>**CLAIMS FOR RELIEF**</u>

**COUNT I**
**Declaratory and Injunctive Relief:**
**Constructive Denial of Request for Agency Records in Violation of FOIA, 5 U.S.C. § 552**
**(Bloomberg and Dow Jones)**

79.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

80.     FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

81.     FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

**<u>Bloomberg</u>**

82.     The records sought by the 555 Bloomberg Request are agency records within the SBA's control.

83.     The SBA received the 555 Bloomberg Request on April 8, 2020. Ex. B at 1.

84.     Pursuant to FOIA, the SBA was required to make and communicate to Bloomberg a "determination" on the 555 Bloomberg Request by May 6, 2020. 5 U.S.C. § 552(a)(6)(B)(i).

85.     As of the date of this filing, however, the SBA has not made and communicated to Bloomberg a "determination" on the 555 Bloomberg Request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

86.     There is no basis to withhold, in whole or in part, the records sought by the 555 Bloomberg Request.  The SBA has wrongfully withheld those records in violation of FOIA.

**Dow Jones**

87.     The records sought by the 580 Dow Jones Request are agency records within the SBA's control.

88.     The SBA received the 580 Dow Jones Request on April 13, 2020.  Ex. E at 1.

89.     Pursuant to FOIA, the SBA was required to make and communicate to Dow Jones a "determination" on the 580 Dow Jones Request by May 11, 2020.  5 U.S.C. § 552(a)(6)(B)(i).

90.     As of the date of this filing, however, the SBA has not made and communicated to Dow Jones a "determination" on the 580 Dow Jones Request within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

91.     There is no basis to withhold, in whole or in part, the records sought by the 580 Dow Jones Request.  The SBA has wrongfully withheld those records in violation of FOIA.

**COUNT II**
**Declaratory and Injunctive Relief:**
**Denial of Expedited Processing in Violation of FOIA, 5 U.S.C. § 552**
**(Bloomberg, Dow Jones, and ProPublica)**

92.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

93.     FOIA provides this Court with jurisdiction to review "[a]gency action to deny . . .

a request for expedited processing." 5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii).

**Bloomberg**

94.     FOIA required the SBA to grant expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request because Bloomberg demonstrated a compelling need for the requested records.

95.     The SBA denied expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request.  Ex. D.

96.     The SBA violated FOIA by denying expedited processing.

**Dow Jones**

97.     FOIA required the SBA to grant expedited processing of the 1060 Dow Jones Request and the 1088 Dow Jones Request because Dow Jones demonstrated a compelling need for the requested records.

98.     The SBA denied expedited processing of the 1060 Dow Jones Request and the 1088 Dow Jones Request.  Exs. G & H.

99.     The SBA violated FOIA by denying expedited processing.

**ProPublica**

100.     FOIA required the SBA to grant expedited processing of the 914 ProPublica Request because ProPublica demonstrated a compelling need for the requested records.

101.     The SBA denied expedited processing of the 914 ProPublica Request.  Ex. K.

102.     The SBA violated FOIA by denying expedited processing.

**COUNT III**
**Declaratory and Injunctive Relief:**
**Constructive Denial of Expedited Processing in Violation of FOIA, 5 U.S.C. § 552**
**(The Post, Dow Jones, ProPublica, and The Times)**

103.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully

set forth herein.

104.    FOIA provides this Court with jurisdiction to review "[a]gency action to deny or affirm denial of a request for expedited processing," as well as "failure by an agency to respond in a timely manner to such a request."  5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii).

105.    FOIA requires that within 10 days of receiving a request for expedited processing, an agency must make "a determination of whether to provide expedited processing" and provide "notice of the determination . . . to the person making the request."  5 U.S.C. § 552(a)(6)(E)(ii)(I).

**The Post**

106.    The Post submitted the Post Request to the SBA on April 24, 2020.  Ex. A at 1.

107.    Pursuant to FOIA, the SBA was required to provide the Post with a determination on its request for expedited processing by May 4, 2020.  5 U.S.C. § 552(a)(6)(E)(ii)(I).

108.    To date, the SBA has not provided the Post with such a determination.

109.    The SBA failed to timely respond to the Post's request for expedited processing.

110.    There is no basis under FOIA to deny expedited processing of this request.

**Dow Jones**

111.    Dow Jones submitted FOIA requests to the SBA on April 24 and May 1, 2020.  Ex. E at 4, 6-7.

112.    Pursuant to FOIA, the SBA was required to provide Dow Jones with a determination on the most recent of these requests for expedited processing by May 11, 2020. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

113.    To date, the SBA has not provided Dow Jones with a determination on expedited processing as to any of these requests.

114.    The SBA failed to timely respond to these requests for expedited processing.

115.    There is no basis under FOIA to deny expedited processing of these requests.

**ProPublica**

116.    ProPublica submitted the 1043 ProPublica Request to the SBA on April 30, 2020. Ex. L at 1.

117.    Pursuant to FOIA, the SBA was required to provide ProPublica with a determination on its request for expedited processing by May 10, 2020.   5 U.S.C. § 552(a)(6)(E)(ii)(I).

118.    To date, the SBA has not provided ProPublica with such a determination.

119.    The SBA failed to timely respond to ProPublica's request for expedited processing.

120.    There is no basis under FOIA to deny expedited processing of this request.

**The Times**

121.    The Times submitted the Times Request to the SBA on April 27, 2020.  Ex. M at 1.

122.    Pursuant to FOIA, the SBA was required to provide The Times with a determination on its request for expedited processing by May 7, 2020.   5 U.S.C. § 552(a)(6)(E)(ii)(I).

123.    To date, the SBA has not provided The Times with such a determination.

124.    The SBA failed to timely respond to The Times's request for expedited processing.

125.    There is no basis under FOIA to deny expedited processing of this request.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

A.    Declare unlawful the SBA's constructive denial of the 555 Bloomberg Request;

B.      Declare unlawful the SBA's constructive denial of the 580 Dow Jones Request;

C.      Declare unlawful the SBA's denial of expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request;

D.      Declare unlawful the SBA's denial of expedited processing of the 1060 Dow Jones Request and the 1088 Dow Jones Request;

E.      Declare unlawful the SBA's denial of expedited processing of the 914 ProPublica Request;

F.      Declare unlawful the SBA's failure to make and provide Plaintiffs with a timely determination as to expedited processing of their other FOIA requests;

G.      Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the SBA to make all records sought by the 555 Bloomberg Request available to the Plaintiffs, unredacted, and setting a deadline for compliance;

H.      Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the SBA to make all records sought by the 580 Dow Jones Request available to the Plaintiffs, unredacted, and setting a deadline for compliance;

I.      Enter an injunction, pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), directing the SBA to process all the Plaintiffs' other FOIA requests as soon as practicable, and setting a deadline for compliance;

J.      Provide for expeditious proceedings in this action;

K.      Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

L.    Grant such other and further relief as the Court may deem just and proper.

Dated:  May 12, 2020                    Respectfully submitted,

                                        BALLARD SPAHR LLP

                                        /s/ *Charles D. Tobin*
                                        Charles D. Tobin (#455593)
                                        Maxwell S. Mishkin (#1031356)
                                        1909 K Street, NW, 12th Floor
                                        Washington, DC 20006
                                        Telephone: (202) 661-2200
                                        Fax: (202) 661-2299
                                        tobinc@ballardspahr.com
                                        mishkinm@ballardspahr.com

                                        *Counsel for Plaintiffs*