## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WP COMPANY LLC**<br>**d/b/a THE WASHINGTON POST**, | |
| **BLOOMBERG L.P.**, | |
| **DOW JONES & COMPANY, INC.**, | |
| **PRO PUBLICA, INC.**, | |
| **THE NEW YORK TIMES COMPANY**, | |
| **AMERICAN BROADCASTING COMPANIES, INC.**<br>**d/b/a ABC NEWS**, | |
| 77 West 66th Street<br>New York, NY 10023 | |
| **AMERICAN CITY BUSINESS JOURNALS**, | |
| 120 West Morehead Street<br>Charlotte, NC 28202 | |
| **CABLE NEWS NETWORK, INC.**, | Case No. 1:20-cv-1240-ABJ |
| One CNN Center<br>Atlanta, GA 30303 | |
| **NBCUNIVERSAL MEDIA, LLC**<br>**d/b/a NBC NEWS**, | |
| 30 Rockefeller Plaza<br>New York, NY 10112 | |
| **THE ASSOCIATED PRESS**, | |
| 200 Liberty St.<br>New York, NY 10281 | |
| **THE CENTER FOR INVESTIGATIVE REPORTING**<br>**d/b/a REVEAL**, | |
| 1400 65th Street, Suite 200<br>Emeryville, CA 94608 | |
| Plaintiffs, | |
| v. | |
| **U.S. SMALL BUSINESS ADMINISTRATION**, | |
| Defendant. | |

## AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs WP Company LLC d/b/a The Washington Post, Bloomberg L.P., Dow Jones & Company, Inc., Pro Publica, Inc., The New York Times Company, American Broadcasting Companies, Inc. d/b/a ABC News, American City Business Journals, Cable News Network, Inc., NBCUniversal Media, LLC d/b/a NBC News, The Associated Press, and The Center for Investigative Reporting d/b/a Reveal, bring this suit against Defendant the U.S. Small Business Administration ("the SBA").  In support thereof, Plaintiffs state as follows:

### INTRODUCTION

1.      This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for declaratory, injunctive, and other appropriate relief.  Through FOIA, Plaintiffs have each sought from the SBA records that would identify and provide basic information about the private businesses that have recently received public assistance as part of the federal government's efforts to address the economic fallout of the COVID-19 pandemic.

2.      Plaintiffs submitted these FOIA requests because of the public interest in contemporaneously monitoring the disbursement of billions of taxpayer dollars through expansive federal initiatives – most notably the new Paycheck Protection Program – during this period of unprecedented financial and social disruption, and because the SBA has until now routinely provided such information about businesses that take out SBA loans.

3.      In violation of FOIA, the SBA has (1) constructively denied these requests; (2) constructively denied the administrative appeals as to the requests filed by certain Plaintiffs; and (3) denied or constructively denied expedited processing of many of these requests.

### PARTIES

4.      Plaintiff WP Company LLC d/b/a The Washington Post (the "Post"), a news organization based in Washington, D.C., publishes the leading daily newspaper, by print

2

circulation, in the nation's capital, as well as the website washingtonpost.com, which typically reaches an audience of more than 80 million unique visitors per month, according to independent auditor comScore.  Since 1936, the *Post* has won 69 Pulitzer Prizes.

5.      Plaintiff Bloomberg L.P. ("Bloomberg"), is the owner and operator of Bloomberg News.  Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, print and live events.

6.      Plaintiff Dow Jones & Company, Inc. ("Dow Jones") is the publisher of *The Wall Street Journal*.  For over 130 years, Dow Jones has been a global provider of news and business information, delivering content to consumers and organizations around the world across multiple formats, including print, digital, mobile, and live events.

7.      Plaintiff Pro Publica, Inc. ("ProPublica"), a non-partisan newsroom based in New York, publishes its reporting through its website, www.propublica.org.  As an independent news organization dedicated to producing investigative journalism in the public interest, ProPublica has been honored with numerous awards, including six Pulitzer Prizes, and has published one or more articles in partnership with more than 200 different news organizations, including 43 already in 2020.

8.      Plaintiff The New York Times Company ("The Times") publishes *The New York Times* newspaper and www.nytimes.com.  The Times is headquartered in New York.

9.      Plaintiff American Broadcasting Companies, Inc. d/b/a ABC News regularly gathers and reports news to the public.  ABC News produces the television programs *World News Tonight with David Muir*, *Good Morning America*, *Nightline*, *20/20*, and *This Week*, among others.

10.     Plaintiff American City Business Journals ("ACBJ") is a multi-platform media company providing in-depth business news coverage of 44 local communities in the United States.  Through print newspapers, digital products, and face-to-face events, ACBJ offers business leaders avenues for making connections and gives them a competitive edge locally and regionally.

11.     Plaintiff Cable News Network, Inc. ("CNN") is a portfolio of two dozen news and information services across cable, satellite, radio, wireless devices and the Internet in more than 200 countries and territories worldwide.  Domestically, CNN reaches more individuals on television, the web and mobile devices than any other cable TV news organization in the United States; internationally, CNN is the most widely distributed news channel reaching more than 271 million households abroad; and CNN Digital is a top network for online news, mobile news and social media.  Additionally, CNN Newsource is the world's most extensively utilized news service partnering with hundreds of local and international news organizations around the world.

12.     Plaintiff NBCUniversal Media, LLC d/b/a NBC News is one of the world's leading media and entertainment companies in the development, production and marketing of news, entertainment and information to a global audience.  Among other businesses, NBCUniversal Media, LLC owns and operates the NBC television network, the Spanish-language television network Telemundo, NBC News, several news and entertainment networks, including MSNBC and CNBC, and a television-stations group consisting of owned-and-operated television stations that produce substantial amounts of local news, sports and public affairs programming.  NBC News produces the "Today" show, "NBC Nightly News with Lester Holt," "Dateline NBC" and "Meet the Press," and it operates the website NBCNews.com and the digital video service NBC News Now.

13.     Plaintiff The Associated Press ("AP") is a news cooperative organized under the Not-for-Profit Corporation Law of New York.  AP's members and subscribers include the nation's newspapers, magazines, broadcasters, cable news services and Internet content providers.  AP operates from 280 locations in more than 100 countries.  On any given day, AP's content can reach more than half of the world's population.

14.     Plaintiff The Center for Investigative Reporting d/b/a Reveal publishes *Reveal*, an online news site at revealnews.org, and *Reveal*, a weekly public radio show with approximately 1 million listeners a week.  Founded in 1977, as the first national investigative news organization, The Center for Investigative Reporting has received multiple awards for its reporting.

15.     Defendant, the SBA, is an agency within the meaning of 5 U.S.C. § 552(f)(1).  The SBA has possession and control of the records requested by the Plaintiffs.

## JURISDICTION AND VENUE

16.     This action arises under FOIA.  This Court has subject matter jurisdiction over this action and personal jurisdiction over Defendant pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), & (a)(6)(E)(iii).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

17.     Venue is proper in this judicial district under 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

**I.      The COVID-19 Pandemic**

18.      On January 31, 2020, the federal government declared a public health emergency as to the outbreak of the novel coronavirus SARS-CoV-2, which causes the disease COVID-19. *See* https://www.hhs.gov/about/news/2020/01/31/secretary-azar-declares-public-health-emergency-us-2019-novel-coronavirus.html.

19.     COVID-19 is believed to have infected at least 1,724,873 people and killed

101,698 people in the United States.  Those figures are current to date but continue to be updated

at https://coronavirus.jhu.edu/map.html.

20.     As the Federal Reserve has recognized, the COVID-19 pandemic is also causing

"economic hardship across the United States and around the world.  The virus and the measures

taken to protect public health are inducing sharp declines in economic activity and a surge in job

losses."  *See* https://www.federalreserve.gov/newsevents/pressreleases/monetary20200429a.htm.

21.     Perhaps the starkest indicator of COVID-19's economic impact is that, as of April

2020, the U.S. unemployment rate has reached 14.7 percent, its highest level since the Great

Depression.  *See* https://www.bls.gov/news.release/empsit.nr0.htm.

22.     Federal Reserve Chair Jerome Powell has further stated that "economic activity

will likely drop at an unprecedented rate in the second quarter," and that "[w]e're going to see

economic data for the second quarter that's worse than any data we've seen for the economy."

*See* https://www.federalreserve.gov/mediacenter/files/FOMCpresconf20200429.pdf at 2, 12.

## II.     The Paycheck Protection Program And Economic Injury Disaster Loan Program

23.     In March 2020, the federal government escalated its efforts to address the

growing economic crisis caused by the COVID-19 pandemic by passing into law the

Coronavirus Aid, Relief, and Economic Security ("CARES") Act.  *See* Public Law No. 116-136.

24.     A key component of the CARES Act is the creation of the Paycheck Protection

Program ("PPP"), which amends Section 7(a) of the Small Business Act.  *Id.* § 1102(a).

25.     According to the Treasury Department, the PPP "is implemented by the [SBA]

with support from the Department of the Treasury," and it "provides small businesses with funds

to pay up to 8 weeks of payroll costs including benefits," as well as "interest on mortgages, rent,

and utilities."  *See* https://home.treasury.gov/policy-issues/cares/assistance-for-small-businesses.

26.     The SBA represents that it will forgive loans made under the PPP so long as all

employees of the borrower "are kept on the payroll for eight weeks and the money is used for payroll, rent, mortgage interest, or utilities." *See* https://www.sba.gov/funding-programs/loans/coronavirus-relief-options/paycheck-protection-program.

27.     According to the SBA's Office of Inspector General, "SBA launched the [PPP] on April 3, 2020, and just 14 days later, by April 16, PPP lenders approved more than 1,661,000 loans totaling nearly $342.3 billion.  On April 24, 2020, the President signed the Paycheck Protection Program and Health Care Enhancement Act to provide an additional $310 billion to the PPP.  SBA initiated this cycle of additional funding on April 27, 2020.  As of May 6, PPP lenders approved an additional 2,441,369 loans, totaling about $183.5 billion." *See* https://www.sba.gov/document/report-20-14-flash-report-small-business-administrations-implementation-paycheck-protection-program-requirements.

28.     The SBA also announced that it would lend up to $2 million to small businesses affected by COVID-19 under the agency's Economic Injury Disaster Loan ("EIDL") program. *See* https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-provide-disaster-assistance-loans-small-businesses-impacted-coronavirus-covid-19.

29.     In the precursor to the CARES Act, the Coronavirus Preparedness and Response Supplemental Appropriations Act, 2020, Congress gave the SBA authority to make disaster loans to businesses injured by the COVID-19 pandemic.  *See* Public Law No. 116-123.  Congress later provided $10 billion in additional funds for cash advances under the EIDL program, *see* CARES Act § 1107(a)(6), and it subsequently appropriated $50 billion more for the EIDL program as well, *see* PPP and Health Care Enhancement Act, 134 Stat. 628, Div. B, Tit. II.

## III.    Questions Surrounding The SBA's COVID-Related Programs

30.     While the SBA has not yet disclosed which companies have received loans under

its COVID-related assistance programs, press reports have identified certain PPP loan recipients, leading to questions over whether that program is functioning as originally intended. *See, e.g.*, https://www.wsj.com/articles/these-are-the-public-companies-that-got-small-business-loans-11587493742; https://www.propublica.org/getinvolved/coronavirus-company-bailouts.

31.     Some of these PPP borrowers have decided to return the SBA's loans in the face of this public scrutiny.  For example, Shake Shack, a $1.6 billion burger-and-fries chain based in New York City, received $10 million under the PPP, but the company later decided to return the loan, writing in an open letter, "If this act were written for small businesses, how is it possible that so many independent restaurants whose employees needed just as much help were unable to receive funding?" *See, e.g.*, https://www.washingtonpost.com/business/2020/04/20/white-house-gop-face-heat-after-hotel-restaurant-chains-helped-run-small-business-program-dry/.

32.     Other businesses that have announced they will return PPP loans include Ruth's Chris Steak House, luxury cruise operator Lindblad Expeditions, and the Los Angeles Lakers. *See, e.g.*, https://www.bloomberg.com/news/articles/2020-05-08/jpmorgan-s-publicly-traded-clients-give-back-the-most-ppp-loans.

33.     The Ashford Hospitality Trust, which owns hotels and resorts, also announced it will return PPP funds after its subsidiaries applied for $126 million in loans and received more than $70 million. *See, e.g.*, https://www.nytimes.com/2020/05/02/business/economy/ashford-hotels-virus-monty-bennett.html/.

34.      On May 8, 2020, the U.S. House of Representatives Select Subcommittee on the Coronavirus Crisis sent letters to several PPP borrowers "demanding that [these] large, public corporations immediately return taxpayer funds that Congress intended for small businesses struggling to survive during the coronavirus crisis." *See* https://oversight.house.gov/news/press-

releases/in-first-official-action-house-coronavirus-panel-demands-that-large-public.

35.     Also on May 8, 2020, the SBA's Office of Inspector General issued a "Flash

Report" on the agency's implementation of the PPP, which found several "areas . . . that did not

fully align with the [CARES] Act's provisions," including that the "SBA did not provide

guidance to lenders about prioritizing borrowers in underserved and rural markets," such that

"these borrowers, including rural, minority and women-owned businesses may not have received

the loans as intended."  *See* https://www.sba.gov/sites/default/files/2020-

05/SBA_OIG_Report_20-14_508.pdf at 4.

36.     On April 9, 2020, the National Federation of Independent Businesses released the

results of a small business survey, finding that "[o]f those who applied for the EIDL loan, just

4% have been approved and 1% not approved.  Most applicants of the EIDL have yet to receive

an update on the statuses of their application and no small business applicants have received the

loan or the emergency grant."  *See* https://www.nfib.com/content/press-release/economy/70-

percent-of-small-businesses-applied-for-ppp-loans-nearly-half-applied-for-eidl/.

37.     On April 10, 2020, a group of 15 lawmakers wrote to SBA Administrator Jovita

Carranza and Treasury Secretary Steven Mnuchin to raise concerns that the PPP and EIDL "are

not being implemented as Congress intended."  As to the EIDL in particular, the lawmakers

wrote that "the law requires SBA to issue advances within three days of receipt of applications,

yet small business owners say they are still waiting weeks after applying."  *See*

https://velazquez.house.gov/sites/velazquez.house.gov/files/NYC%20Del%20letter%20to%20M

nuchin%20and%20Carranza%2004-10-20%20%28signatures%29%20final.pdf at 2.

38.     On May 4, 2020, a group of 103 lawmakers wrote to Administrator Carranza,

stating that "many of our constituents who applied for [EIDL] have yet to hear about the status of

their application.  In fact, many small businesses have been without meaningful information

from the SBA for weeks."  The lawmakers' letter further stated that "[t]he sporadic and

incomplete data thus far provided to Congress has been woefully insufficient, making it

impossible to conduct proper oversight and keep our constituents informed."  *See*

https://luria.house.gov/sites/luria.house.gov/files/wysiwyg_uploaded/2020.05.04%20Schneider%

20Letter%20to%20SBA%20on%20EIDL.pdf at 1-2.

39.     That same day, the SBA announced that it would "begin accepting new EIDL

applications on a limited basis" and provide assistance only to "agricultural businesses."  *See*

https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-make-

economic-injury-disaster-loans-available-us-agricultural-businesses-impacted-covid-19.

40.     Also that same day, a group of economics professors published a National Bureau

of Economics Research ("NBER") working paper titled "Did The Paycheck Protection Program

Hit The Target?"  The paper states that these professors "obtained confidential data on the

number of approved PPP loans and approved PPP amounts from the [SBA]," and that the data

"contains information on the amounts and number of loans approved by each lender, amounts

and number of loans received by small businesses in each state, and total amounts and number of

PPP loans received by small businesses in each congressional district as of April 15, 2020."  *See*

https://www.nber.org/papers/w27095.pdf at 7.

IV.    **The Plaintiffs' FOIA Requests**

41.     All of the Plaintiffs have submitted FOIA requests to the SBA for records that

would identify and provide basic information about the businesses approved for public assistance

under the SBA's COVID-related programs, including the PPP and EIDL.  Though there are

slight variations among these requests, as detailed below, they all seek essentially the same

information that the SBA has up until now routinely provided about the businesses that borrow

funds under its Section 7(a) program – the program that the CARES Act expanded to create the

PPP.  *See* https://www.sba.gov/about-sba/open-government/foia (under "Frequently requested

records").

42.     One of these requests further sought the same "confidential data" regarding the

PPP that economics professors were able to obtain from the SBA for an NBER working paper.

43.     Plaintiffs generally sought expedited processing of these requests based on the

compelling need to provide the public with contemporaneous information about these important

federal programs.

44.     The SBA has either failed to respond to the requests or it has issued boilerplate

responses stating that, at some indefinite point "[i]n the near future," the SBA hopes "to turn [its]

efforts to providing loan specific data to the public"; the SBA's responses provide no concrete

indication of what that data will include or when that data will actually be made available.  *See*

*also* https://www.sba.gov/about-sba/open-government/foia (under "Frequently requested

records").

45.     To date, the SBA has not produced any records responsive to any of the Plaintiffs'

FOIA requests.

46.     To date, the SBA has not informed any of the Plaintiffs as to the scope of the

records that the agency will produce in response to any of the Plaintiffs' requests.

47.     To date, the SBA has not informed any of the Plaintiffs as to the scope of

responsive records that the agency will withhold pursuant to any FOIA exemption(s).

48.     To date, the SBA largely has not provided a determination on whether these FOIA

requests will receive expedited processing, or it has denied expedited processing outright.

### The Post Request

49.    The Post submitted a FOIA request (the "Post Request") to the SBA on April 24, 2020, seeking records relating to the PPP and EIDL program.

    a.    Specifically, the Post Request sought the following information as to the recipients of PPP loans "from April 3, 2020 until the completion of this loan program": (i) "Names and commercial street and email addresses of recipients of approved loans"; (ii) "Date of loan approval and date of disbursement (if available)"; (iii) "Names of officers, directors, stockholders or partners of recipient firms"; (iv) "Kinds and amounts of loans, loan terms, interest rates, maturity dates, general purpose"; and (v) "Identity and location of participating banks."  A true and correct copy of the Post Request is attached hereto as Exhibit 1.

    b.    As the Post Request stated, the PPP loan application itself includes the following notice to potential borrowers under the heading "Freedom of Information Act (5 U.S.C. § 552)":

> Subject to certain exceptions, SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity.

Ex. 1 at 1; *see also* https://www.sba.gov/document/sba-form-2483-paycheck-protection-program-borrower-application-form.

    c.    The Post Request also sought the same categories of information about recipients

of EIDL loans, "from March 12, 2020 until the completion of this loan program."
Ex. 1 at 2.

    d. As the Post Request noted, "it is clear from the [SBA's] website that the SBA
already has this data for both loan programs in a database and is merely
withholding much of it from the public," as "[t]he SBA produces weekly reports
for the PPP program and the EIDL program breaking down these loans by state,
size of loan, type of industry sector and number of loans approved per lender."
Ex. 1 at 2; *see also* https://www.sba.gov/about-sba/open-government/foia (under
"Frequently requested records").

50.     The Post Request asked for expedited processing because the Post is primarily
engaged in the dissemination of information and because there is an urgent need to inform the
public about activities of the federal government, namely on the grounds that "[k]nowledge of
the efficiency of the PPP and EIDL is a matter of current exigency to the American public";
"[d]elay in releasing information about the efficiency of the PPP and the EIDL will compromise
the recognized public interest in being informed of the efforts and success of the federal stimulus
program law enacted to fight the economic fallout of the COVID-19 pandemic"; "SBA loans are
clearly federal government activity"; and "[t]here are credible claims, including by members of
the House of Representatives and Senate, and U.S. governors, that aspects of the government's
activity in the PPP and EIDL are improper." Ex. 1 at 2.

51.     The Post's FOIA Director, Nate Jones, certified that these grounds for expedited
processing were true and correct to the best of his knowledge. *Id.* at 3.

52.     To date, the SBA has not provided the Post with a determination on whether the
Post Request will receive expedited processing.

53.    To date, the SBA has not provided a complete response to the Post Request.

54.    To date, the SBA has not produced any records responsive to the Post Request.

55.    To date, the SBA has not informed the Post as to the scope of the records that the agency will produce in response to the Post Request.

56.    To date, the SBA has not informed the Post as to the scope of records responsive to the Post Request that the agency will withhold pursuant to any FOIA exemption(s).

**The Bloomberg Requests**

57.    Bloomberg submitted a series of FOIA requests to the SBA between April 8 and April 29, 2020, seeking records relating to the PPP and EIDL program (together, the "Bloomberg Requests").  Specifically, the Bloomberg Requests sought (i) "Records of approved Paycheck Protection Program loans," with "data on each loan in the same format as currently provided by the SBA for 7(a) loans published on the SBA's website"; (ii) "Records of approved Covid-19 Economic Injury Disaster Loans," with "data on each loan in the same format as currently provided by the SBA for EIDL's (CFDA 59.008) published on usaspending.gov"; and (iii) "Records of approved Emergency Economic Injury Disaster Loan Grants, as authorized under Section 1110 of the CARES Act," with "data on each loan in a similar format as that provided by the SBA for all EIDL's (CFDA 59.008) published on usaspending.gov," which "should include but need not be limited to the following fields: value of emergency grant, face value of related EIDL loan, action date, recipient name, recipient parent duns, recipient parent name, recipient address, recipient city name, recipient county code, recipient county name, recipient state code, recipient state name, recipient ZIP code, recipient congressional district." The Bloomberg Requests sought these records for the period from: the start of the programs through April 8, 2020; April 9, 2020 through April 15, 2020; April 16, 2020 through April 22,

14

2020; and April 23, 2020 through April 29, 2020. One additional request, submitted on April 28, 2020, and assigned handling number SBA-2020-000995 (the "995 Bloomberg Request") sought a copy of the "data set or data sets" provided to the economics professors for their NBER "[working] paper." A composite of the Bloomberg Requests is attached hereto as Exhibit 2.

58.     The Bloomberg Requests asked for expedited processing because the requestor "is engaged in the dissemination of information to the public and the subject matter related to this request is a matter of great public interest, debate, and urgency," in particular that "the survival of the U.S. economy, and especially small businesses, during the Covid-19 pandemic is a matter of great public concern; the SBA's loan programs are the central pillar of the U.S. government's plan to rescue small businesses; and accountability, scrutiny, and oversight of these efforts depends on timely public disclosure of the SBA's actions." *See generally* Ex. 2.

59.     The SBA responded to the first of the Bloomberg Requests, assigned handling number SBA-2020-000555 (the "555 Bloomberg Request") via email on April 20, 2020, providing no information as to when responsive records would be released, and making the boilerplate statement that "[i]n the future, we will be able to turn our efforts to providing loan specific data to the public but hope that all understand the need for the Agency to focus its efforts fulfilling the needs of the small businesses." SBA responded to other Bloomberg Requests with essentially identical emails on April 21, April 23, May 4, and May 6, 2020. A composite of these responses to the Bloomberg Requests is attached hereto as Exhibit 3.

60.     To date, the SBA has not produced any records responsive to any of the Bloomberg Requests.

61.     To date, the SBA has not informed Bloomberg as to the scope of the records that the agency will produce in response to any of the Bloomberg Requests.

62.     To date, the SBA has not informed Bloomberg as to the scope of records responsive to any of the Bloomberg Requests that the agency will withhold pursuant to any FOIA exemption(s).

63.     On April 26, 2020, the SBA notified Bloomberg via email that expedited processing "has been denied" for the FOIA request that Bloomberg submitted on April 15, 2020, which was assigned handling number SBA-2020-000620 (the "620 Bloomberg Request").  On May 5, 2020, the SBA notified Bloomberg via email that expedited processing "has been denied" for the FOIA request that Bloomberg submitted on April 23, 2020, which was assigned handling number SBA-2020-000910 (the "910 Bloomberg Request").  On May 11, 2020, the SBA notified Bloomberg via email that expedited processing "has been denied" for the FOIA request that Bloomberg submitted on April 29, 2020, which was assigned handling number SBA-2020-001018 (the "1018 Bloomberg Request").  A composite of SBA's emails denying expedited processing of these requests is attached hereto as Exhibit 4.

64.     To date, the SBA has not provided a complete response to any of the Bloomberg Requests.

### The Dow Jones Requests

65.     Dow Jones submitted a series of FOIA requests to the SBA between April 13 and May 4, 2020, seeking records relating to PPP recipients.  A composite of Dow Jones's FOIA requests is attached hereto as Exhibit 5.

66.     In the first request, submitted on April 13 and assigned handling number SBA-2020-000580 (the "580 Dow Jones Request"), Dow Jones sought "[a] summary database of information for all APPROVED loans under the Paycheck Protection Program of the 2020 CARES Act from the time the program began accepting applications through the end of business

16

on April 13, 2020," including "all data fields the [SBA] tracks for each loan that it determines is information generally disclosed under FOIA, including but not limited to: 1) names, commercial street addresses, and e-mail addresses of recipients of approved loans, 2) names of officers, directors, stockholders or partners of recipient firms, 3) kinds and amounts of loans, loan terms, interest rates, maturity dates, general purpose, etc., 4) business type 5) bank name and bank commercial street address, 6) approval date, 7) disbursement date, 8) NAICS description, 9) franchise name and franchise code, if applicable." Ex. 5 at 1.

67.     On April 20, 2020, the SBA responded via email to the 580 Dow Jones Request, providing no information as to when responsive records would be released, and making the boilerplate statement that "[i]n the future, we will be able to turn our efforts to providing loan specific data to the public but hope that all understand the need for the Agency to focus its efforts fulfilling the needs of the small businesses." A true and correct copy of the SBA's response to the 580 Dow Jones Request is attached hereto as Exhibit 6.

68.     In its other requests, submitted April 24 through May 4, 2020, Dow Jones sought (1) "A full data export for approved borrowers and lenders of the [PPP] as of the current date"; (2) the same categories of data for all PPP recipients as of the date the requests were processed; (3) the same categories of data about PPP recipients in the Pacific region; (4) the same categories of data about PPP recipients in the and Mid-Atlantic region; (5) "the underlying loan level data, stored in a spreadsheet or database or other electronic form, that was used to generate the statistical information the [SBA] has published regarding the [PPP]" at https://content.sba.gov/sites/default/files/2020-05/PPP%20Deck%20copy.pdf; and (6) the same categories of data about PPP loans made via one particular bank. Ex. 5 at 2-8.

69.     Dow Jones sought expedited processing of each of its other FOIA requests on the

grounds that the requestor is a member of the press and "there is an urgent need to inform the public about how [PPP] funds are used," including because "there is taxpayer money at risk."

70.     On May 11, 2020, the SBA notified Dow Jones via email that expedited processing "has been denied" for the FOIA request that Dow Jones submitted on May 1, 2020, which was assigned handling number SBA-2020-001060 (the "1060 Dow Jones Request").  A true and correct copy of the SBA's email denying expedited processing of the 1060 Dow Jones Request is attached hereto as Exhibit 7.

71.     Also on May 11, 2020, the SBA notified Dow Jones via email that expedited processing "has been denied" for the FOIA request that Dow Jones submitted on May 4, 2020, which was assigned handling number SBA-2020-001088 (the "1088 Dow Jones Request").  A true and correct copy of the SBA's email denying expedited processing of the 1088 Dow Jones Request is attached hereto as Exhibit 8.

72.     To date, the SBA has not provided Dow Jones with a determination on whether its remaining FOIA requests will receive expedited processing.

73.     To date, the SBA has not provided a complete response to Dow Jones's requests.

74.     To date, the SBA has not produced any records responsive to any of Dow Jones's requests.

75.     To date, the SBA has not informed Dow Jones as to the scope of the records that the agency will produce in response to any of Dow Jones's requests.

76.     To date, the SBA has not informed Dow Jones as to the scope of records responsive to any of Dow Jones's requests that the agency will withhold pursuant to any FOIA exemption(s).

## The ProPublica Requests

77.     ProPublica has submitted two FOIA requests to the SBA for records relating to

PPP and EIDL recipients and recipients of assistance from a related SBA program.  In its first

request, submitted on April 23, 2020, and assigned handling number SBA-2020-000914 (the

"914 ProPublica Request"), ProPublica sought "loan level information about all loans made

under the [PPP]" and "the same information for Emergency EIDL Grants," specifically seeking,

"for both these programs, . . . the same 34 fields the SBA provides through its 'SBA 7(a) & 504

loan data reports' on its FOIA website," as well as "information on the amount of forgiveness

allowed for each loan."  A true and correct copy of the 914 ProPublica Request is attached hereto

as Exhibit 9.

78.     ProPublica sought expedited processing of the 914 ProPublica Request on the

grounds that the requestor is a full-time journalist and "[t]he PPP and EIDL programs

collectively have been the focus of intense public interest since the program involves hundreds of

billions of taxpayer dollars, directly affects tens of millions of Americans, and is taking place

during a national emergency."  *Id.* at 2.

79.     On May 4, 2020, the SBA responded via email to the 914 ProPublica Request,

providing no information as to when responsive records would be released, and making the

boilerplate statement that the SBA "is providing statistical information" about the PPP and

EIDL.  A true and correct copy of the SBA's response to the 914 ProPublica Request is attached

hereto as Exhibit 10.

80.     On May 5, 2020, the SBA notified ProPublica via email that its request for

expedited processing of the 914 ProPublica Request "has been denied."  A true and correct copy

of the SBA's email denying expedited processing is attached hereto as Exhibit 11.

81.     To date, the SBA has not provided a complete response to the 914 ProPublica Request.

82.     To date, the SBA has not produced any records responsive to the 914 ProPublica Request.

83.     To date, the SBA has not informed ProPublica as to the scope of the records that the agency will produce in response to the 914 ProPublica Request.

84.     To date, the SBA has not informed ProPublica as to the scope of records responsive to the 914 ProPublica Request that the agency will withhold pursuant to any FOIA exemption(s).

85.     In its second request, submitted on April 30, 2020 and assigned handling number SBA-2020-001043 (the "1043 ProPublica Request"), ProPublica sought "loan level information about companies that received subsidies for SBA 7(a) loans under Section 1112 of the CARES Act, 'Subsidy for Certain Loan Payments,'" which "enables the SBA to pay the principal, interest, and fees that are owed on specified loans for six months."  Specifically, "[i]n addition to the information the SBA commonly releases through its 'SBA 7(a) & 504 loan data reports' on its FOIA website," ProPublica sought "for each loan, . . . the beginning date of the 6-month period that the SBA paid the loan payments, the end date, and the amount paid by the SBA under Section 1112."  A true and correct copy of the 1043 ProPublica Request is attached hereto as Exhibit 12.

86.     ProPublica sought expedited processing of the 1043 ProPublica Request, on the grounds that the requestor is a full-time journalist and "[t]he SBA's lending programs collectively have been the focus of intense public interest since the programs involve hundreds of billions of taxpayer dollars, directly affects tens of millions of Americans, and is taking place

during a national emergency." *Id.* at 2.

87.     To date, the SBA has not provided ProPublica with a determination on whether the 1043 ProPublica Request will receive expedited processing.

88.     To date, the SBA has not provided a complete response to the 1043 ProPublica Request.

### The Times Request

89.     The Times submitted a FOIA request (the "Times Request") to the SBA on April 27, 2020, seeking "a summary database of information for all approved loans under the [PPP] from the time the program began accepting applications through the end of business on April 13, 2020," including "all data fields the [SBA] tracks for each loan that it determines is information generally disclosed under FOIA, including but not limited to: 1) names, commercial [street] addresses, and e-mail address of recipients of approved loans, 2) names of officers, directors, stockholders or partners of recipient firms, 3) kinds and amounts of loans, loan terms, [interest] rates, maturity dates, general purpose, etc., 4) business type, 5) bank name and bank commercial street address, 6) approval date, 7) disbursement date, 8) NAICS description, 9) franchise name and franchise code, if applicable."  A true and correct copy of the Times Request is attached hereto as Exhibit 13.

90.     The Times Request asked for expedited processing because the requestor is primarily engaged in the dissemination of information and because: "there is an urgent need to inform the public about the specific government activity that is the subject of this request"; "the subject of this records request is a matter of extreme media interest that has raised questions about the integrity of the government's trade negotiation practices"; "[t]he requested records will provide insight into which businesses received these loans"; and "[i]t is likely that there will be

future debates about which loans should be forgiven under the terms of the program," such that "[t]he requested records will contribute to the public's understanding of this debate about federal government activity." *Id.* at 2.

91.     To date, the SBA has not provided The Times with a determination on whether the Times Request will receive expedited processing.

92.     To date, the SBA has not provided a complete response to the Times Request.

93.     To date, the SBA has not produced any records responsive to the Times Request.

94.     To date, the SBA has not informed The Times as to the scope of the records that the agency will produce in response to the Times Request.

95.     To date, the SBA has not informed The Times as to the scope of records responsive to the Times Request that the agency will withhold pursuant to any FOIA exemption(s).

### The ACBJ Request and Appeal

96.     ACBJ submitted a FOIA request (the "ACBJ Request") to the SBA on April 16, 2020, seeking "all public data on every loan made under" the PPP and COVID-related EIDL program, "including, but not limited to, the name and location of the borrower and her/his company, the bank that approved the loan, the amount of the loan, and any other public data, including race/ethnicity/gender of the borrower, if that information is gathered."  A true and correct copy of the ACBJ Request is attached hereto as Exhibit 14.

97.     On April 22, 2020, the SBA responded via email to the ACBJ Request, providing no information as to when responsive records would be released, and making the boilerplate statement that the SBA "is providing statistical information" about the PPP and EIDL.  A true and correct copy of the SBA's response to the ACBJ Request is attached hereto as Exhibit 15.

98.     Though under no obligation to do so, ACBJ appealed the SBA's response to the

SBA's Office of Hearings and Appeals on April 27, 2020, stating that the boilerplate response

does not set out "a valid reason . . . for delaying a response" to the ACBJ Request.  A true and

correct copy of ACBJ's appeal (the "ACBJ Appeal") is attached hereto as Exhibit 16.

99.     On May 19, 2020, the SBA notified ACBJ that the agency is "taking a 10-

workday extension under 13 C.F.R. § 102.5" with respect to the ACBJ Appeal.  A true and

correct copy of the SBA's notification is attached hereto as Exhibit 17.

100.     Such extensions are proper only when "the statutory time limit for processing a

request cannot be met because of 'unusual circumstances,' as defined in the FOIA."  13 C.F.R.

§ 102.5(c).

101.     Because the ACBJ Appeal seeks only narrow categories of information regarding

SBA loans that the agency has until now routinely provided to the public, processing it could not

require the SBA to "search for and collect the requested records from field facilities or other

establishments," to "search for, collect, and appropriately examine a voluminous amount of

separate and distinct records which are demanded in a single request," or to engage in

"consultation" with other agencies.  5 U.S.C. § 552(a)(6)(B)(iii).  The SBA therefore has no

proper basis to claim "unusual circumstances" as to the ACBJ Appeal.

102.     To date, the SBA has not produced any records responsive to the ACBJ Request

or the ACBJ Appeal.

103.     To date, the SBA has not informed ACBJ as to the scope of the records that the

agency will produce in response to the ACBJ Request or the ACBJ Appeal.

104.     To date, the SBA has not informed ACBJ as to the scope of records responsive to

the ACBJ Request or the ACBJ Appeal that the agency will withhold pursuant to any FOIA

exemption(s).

### The ABC News Request

105.    ABC News submitted a FOIA request (the "ABC News Request") to the SBA on

April 13, 2020, seeking "figures describing how much of the [PPP] funds that have been

approved for small business owners have actually been disbursed to those business owners," and

specifically seeking "a breakdown of how much money was disbursed to business owners each

day, beginning with the program's inception on April 3rd (the date on which business owners

could first apply for the PPP funds)."  A true and correct copy of the ABC News Request is

attached hereto as Exhibit 18.

106.    ABC News asked for expedited processing because the requestor is "primarily

engaged in disseminating information" and "[t]he public has an urgent need for information

about the [PPP]" because: "it is directly affecting the American economy at a time of crisis";

"[t]he lack of transparency surrounding the disbursement of these funds has left American

business owners in the dark"; and "[w]ithout knowing how well the program is functioning, the

American public cannot know whether to pressure their elected representatives to allocate more

funding to the program."  Ex. 18 at 2.

107.    On May 2, 2020, the SBA responded via email to the ABC News Request,

providing no information as to when responsive records would be released, and making the

boilerplate statement that the SBA "is providing statistical information" about the PPP and

EIDL.  A true and correct copy of the SBA's response to the ABC News Request is attached

hereto as Exhibit 19.

108.    To date, the SBA has not provided ABC News with a determination on whether

the ABC News Request will receive expedited processing.

109.    To date, the SBA has not provided a complete response to the ABC News Request.

110.    To date, the SBA has not produced any records responsive to the ABC News Request.

111.    To date, the SBA has not informed ABC News as to the scope of the records that the agency will produce in response to the ABC News Request.

112.    To date, the SBA has not informed ABC News as to the scope of records responsive to the ABC News Request that the agency will withhold pursuant to any FOIA exemption(s).

**The CNN Request and Appeal**

113.    CNN submitted a FOIA request (the "CNN Request") to the SBA on April 15, 2020, seeking "[d]isaggregated data for all Covid-19-related [EIDL] applications authorized by the [CARES Act] and received by the [SBA]," specifically including "Unique identifiers/primary keys; Application number; Application date; Borrower name; Borrower's city; Borrower's county; Borrower's ZIP code; Borrower's state; Borrower's EIN; Loan amount; Nonprofit status; Application status; Status date; Collateral pledged; and Purpose of loan.)."  A true and correct copy of the CNN Request is attached hereto as Exhibit 20.

114.    On April 22, 2020, the SBA responded via email to the CNN Request, providing no information as to when responsive records would be released, and making the boilerplate statement that the SBA "is providing statistical information" about the PPP and EIDL.  A true and correct copy of the SBA's response to the CNN Request is attached hereto as Exhibit 21.

115.    Though under no obligation to do so, CNN appealed the SBA's response to the SBA's Office of Hearings and Appeals on April 27, 2020, stating that the boilerplate response

"did not provide any reason permitted by law" for failing to produce the requested records.  A true and correct copy of CNN's appeal (the "CNN Appeal") is attached hereto as Exhibit 22.

116.     On May 27, 2020, the SBA notified CNN that the agency is "invoking a 10-day extension" with respect to the CNN Appeal.  A true and correct copy of the SBA's notification is attached hereto as Exhibit 23.

117.     Though the SBA cited no authority in its notice to CNN, such extensions are proper only in "unusual circumstances" as defined by FOIA.  5 U.S.C. § 552(a)(6)(B).

118.     Because the CNN Appeal seeks only narrow categories of information regarding SBA loans that the agency has until now routinely provided to the public, processing it could not require the SBA to "search for and collect the requested records from field facilities or other establishments," to "search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or to engage in "consultation" with other agencies.  5 U.S.C. § 552(a)(6)(B)(iii).  The SBA therefore has no proper basis to claim "unusual circumstances" as to the CNN Appeal.

119.     To date, the SBA has not produced any records responsive to the CNN Request or the CNN Appeal.

120.     To date, the SBA has not informed CNN as to the scope of the records that the agency will produce in response to the CNN Request or the CNN Appeal.

121.     To date, the SBA has not informed CNN as to the scope of records responsive to the CNN Request or the CNN Appeal that the agency will withhold pursuant to any FOIA exemption(s).

**The AP Requests**

122.     AP has submitted two FOIA requests to the SBA for records relating to PPP

recipients.  In its first request, submitted on April 13, 2020, and assigned handling number SBA-2020-000594 (the "594 AP Request"), AP sought "the database that SBA maintains for all loans approved and declined under the [PPP] from the start of the program to the date of this request's filing," specifically including "the same fields of information that SBA releases for" loans under its 7(a) and 504 programs.  AP further sought expedited processing of the 594 AP Request on the grounds that the PPP is a "new" program requiring "public . . . oversight."  A true and correct copy of the 594 AP Request is attached hereto as Exhibit 24.

123.    On April 20, 2020, the SBA notified AP that its request for expedited processing of the 594 AP Request "has been denied."  A true and correct copy of the SBA's denial of expedited processing is attached hereto as Exhibit 25.

124.    That same day, the SBA responded via email to the 594 AP Request, providing no information as to when responsive records would be released, and making the boilerplate statement that the SBA "is providing statistical information" about the PPP and EIDL.  A true and correct copy of the SBA's response to the 594 AP Request is attached hereto as Exhibit 26.

125.    In its second request, submitted on April 22, 2020 and assigned handling number SBA-2020-000882 (the "882 AP Request"), AP sought "the name of each entity approved for a [PPP] loan (aka borrower); the entity's city; the entity's state; the entity's NAICS subsector description or code for the entity (borrower); the approved dollars for the entity's loan; the name of the lending institution (lender) on the loan; and the date of the loan's approval."  A true and correct copy of the 882 AP Request is attached hereto as Exhibit 27.

126.    On May 18, 2020, the SBA notified AP that the agency is "taking a 10-workday extension under 13 C.F.R. § 102.5" with respect to the 882 AP Request.  A true and correct copy of the SBA's notification is attached hereto as Exhibit 28.

27

127.     Such extensions are proper only when "the statutory time limit for processing a request cannot be met because of 'unusual circumstances,' as defined in the FOIA."  13 C.F.R. § 102.5(c).

128.     Because the 882 AP Request seeks only narrow categories of information regarding SBA loans that the agency has until now routinely provided to the public, processing that request could not require the SBA to "search for and collect the requested records from field facilities or other establishments," to "search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request," or to engage in "consultation" with other agencies.  5 U.S.C. § 552(a)(6)(B)(iii).  The SBA therefore has no proper basis to claim "unusual circumstances" as to the 882 AP Request.

129.     To date, the SBA has not produced any records responsive to the 594 AP Request or the 882 AP Request.

130.     To date, the SBA has not informed AP as to the scope of the records that the agency will produce in response to the 594 AP Request or the 882 AP Request.

131.     To date, the SBA has not informed AP as to the scope of records responsive to the 594 AP Request or the 882 AP Request that the agency will withhold pursuant to any FOIA exemption(s).

**The NBC News Requests**

132.     NBC News has submitted three FOIA requests to the SBA for records relating to PPP and EIDL recipients.  In its first request, submitted on April 17, 2020, and assigned handling number SBA-2020-000658 (the "658 NBC News Request"), NBC News sought "[PPP] Loan Data Reports/Files, including a 'loan level' list of all loans approved as part of the PPP from the start of the PPP program and through the exhaustion of the first phase of funding

($349,000,000,000) on 4/16/20," and specifically including "PPP Loan Data Reports/Files which include 'loan-specific' data, including the names and addresses of all business entity or individual loan borrowers/recipients and other related and available 'loan-specific' data." A true and correct copy of the 658 NBC News Request is attached hereto as Exhibit 29.

133.    On May 2, 2020, the SBA responded via email to the 658 NBC News Request, providing no information as to when responsive records would be released, and making the boilerplate statement that the SBA "is providing statistical information" about the PPP and EIDL. A true and correct copy of the SBA's response to the 658 NBC News Request is attached hereto as Exhibit 30.

134.    In its second request, submitted on April 17, 2020 and assigned handling number SBA-2020-000660 (the "660 NBC News Request"), NBC News sought (1) "[EIDL] Loan Data Reports/Files, including a 'loan level' list of all loans approved as part of the EIDL program from January 1, 2020 and through the exhaustion of the first phase of coronavirus/COVID-19-related funding on or around 04/16/20," specifically including "'loan-specific' data, including the names and addresses of all business entity or individual loan borrowers/recipients and other related and available 'loan-specific' data"; and (2) "[EIDL] Emergency Grant Data Reports/Files, including a 'grant level' list of all emergency grants approved since the [CARES] Act became law and took effect and through the exhaustion of the first phase of funding on 4/16/20," specifically including "'grant-specific' data, including the names and addresses of all business entity or individual emergency grant recipients and other related and available 'grant-specific' data." A true and correct copy of the 660 NBC News Request is attached hereto as Exhibit 31.

135.    On April 22, 2020, the SBA responded via email to the 660 NBC News Request,

providing no information as to when responsive records would be released, and making the

boilerplate statement that the SBA "is providing statistical information" about the PPP and

EIDL.  A true and correct copy of the SBA's response to the 660 NBC News Request is attached

hereto as Exhibit 32.

136.    In its third request, submitted on April 29, 2020 and assigned handling number

SBA-2020-001029 (the "1029 NBC News Request"), NBC News sought "'bank level' data for

the [PPP] including total amounts and number of PPP loans received by small businesses in each

Congressional district for all loans approved as part of the PPP from the start of the PPP and

through the most recent date for which this data set is available."  A true and correct copy of the

1029 NBC News Request is attached hereto as Exhibit 33.

137.    On May 6, 2020, the SBA responded via email to the 1029 NBC News Request,

providing no information as to when responsive records would be released, and making the

boilerplate statement that the SBA "is providing statistical information" about the PPP and

EIDL.  A true and correct copy of the SBA's response to the 1029 NBC News Request is

attached hereto as Exhibit 34.

138.    To date, the SBA has not produced any records responsive to the 658 NBC News

Request, the 660 NBC News Request, or the 1029 NBC News Request.

139.    To date, the SBA has not informed NBC News as to the scope of the records that

the agency will produce in response to the 658 NBC News Request, the 660 NBC News Request,

or the 1029 NBC News Request.

140.    To date, the SBA has not informed NBC News as to the scope of records

responsive to the 658 NBC News Request, the 660 NBC News Request, or the 1029 NBC News

Request that the agency will withhold pursuant to any FOIA exemption(s).

**The Reveal Request**

141.     Reveal submitted a FOIA request (the "Reveal Request") to the SBA on April 20, 2020, seeking "[s]preadsheets . . . listing each individual loan" granted through the SBA's "lending programs responding to the COVID-19 pandemic," namely the PPP, EIDL, SBA Bridge Loan program, and SBA Debt Relief program, and specifically seeking all "publicly releasable" information about such loans, "including but not limited to the fields typically disclosed for every loan for the SBA's [Section 7(a)] loan program."  A true and correct copy of the Reveal Request is attached hereto as Exhibit 35.

142.     On April 27, 2020, the SBA responded via email to Reveal, providing no information as to when responsive records would be released, and making the boilerplate statement that the SBA "is providing statistical information" about the PPP and EIDL.  A true and correct copy of the SBA's response to the Reveal Request is attached hereto as Exhibit 36.

143.     To date, the SBA has not produced any records responsive to the Reveal Request.

144.     To date, the SBA has not informed Reveal as to the scope of the records that the agency will produce in response to the Reveal Request.

145.     To date, the SBA has not informed Reveal as to the scope of records responsive to the Reveal Request that the agency will withhold pursuant to any FOIA exemption(s).

**CLAIMS FOR RELIEF**

**COUNT I**
**Declaratory and Injunctive Relief:**
**Constructive Denial of Request for Agency Records in Violation of FOIA, 5 U.S.C. § 552**
**(All Plaintiffs)**

146.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

147.     FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding

agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

148.    FOIA requires that within 20 working days of receiving a FOIA request, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(i).

149.    The records sought by all of the FOIA requests described above are agency records within the SBA's control.

150.    The SBA received all of the FOIA requests described above (excepting the 1043 ProPublica Request, the 1060 Dow Jones Request, and the 1088 Dow Jones Request, which are addressed in Counts III and IV of this Amended Complaint) between April 8, 2020, and April 29, 2020.

151.    Pursuant to FOIA, the SBA was required to make and communicate to each of the Plaintiffs a "determination" on those FOIA request(s) no later than May 28, 2020.  5 U.S.C. § 552(a)(6)(A)(i).

152.    As of the date of this filing, however, the SBA has not made and communicated to any of the Plaintiffs a "determination" on any of the requests described above within the meaning of 5 U.S.C. § 552(a)(6)(A)(i).

153.    There is no basis to withhold, in whole or in part, the records sought by any of the requests described above.  The SBA has wrongfully withheld those records in violation of FOIA.

## COUNT II
### Declaratory and Injunctive Relief:
### Constructive Denial of Administrative Appeal in Violation of FOIA, 5 U.S.C. § 552
### (ACBJ and CNN)

154.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully

set forth herein.

155.    FOIA provides this Court with "jurisdiction to enjoin [the SBA] from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).

156.    FOIA requires that within 20 working days of receiving a FOIA appeal, an agency must notify a requester of, *inter alia*, the scope of the documents that the agency will produce and the scope of the documents that the agency plans to withhold under any FOIA exemptions. *See* 5 U.S.C. § 552(a)(6)(A)(ii).

157.    The records that are the subject of the ACBJ Appeal and the CNN Appeal are agency records within the SBA's control.

158.    The SBA received the ACBJ Appeal on April 27, 2020.  Ex. 16.

159.    The SBA received the CNN Appeal on April 28, 2020.  Ex. 22.

160.    Pursuant to FOIA, the SBA was required to make and communicate to ACBJ a "determination" on the ACBJ Appeal no later than May 26, 2020.  5 U.S.C. § 552(a)(6)(A)(ii).

161.    Pursuant to FOIA, the SBA was required to make and communicate to CNN a "determination" on the CNN Appeal no later than May 27, 2020.  5 U.S.C. § 552(a)(6)(A)(ii).

162.    As of the date of this filing, however, the SBA has not made and communicated to ACBJ or CNN a "determination" on the ACBJ Appeal or the CNN Appeal within the meaning of 5 U.S.C. § 552(a)(6)(A)(ii).

163.    There is no basis to withhold, in whole or in part, the records that are the subject of the ACBJ Appeal or the CNN Appeal.  The SBA has wrongfully withheld those records in violation of FOIA.

## COUNT III
### Declaratory and Injunctive Relief:
### Denial of Expedited Processing in Violation of FOIA, 5 U.S.C. § 552
### (Bloomberg, Dow Jones, ProPublica, and AP)

164.     Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

165.     FOIA provides this Court with jurisdiction to review "[a]gency action to deny . . . a request for expedited processing."  5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii).

**Bloomberg**

166.     FOIA required the SBA to grant expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request because Bloomberg demonstrated a compelling need for the requested records.

167.     The SBA denied expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request.  Ex. 4.

168.     The SBA violated FOIA by denying expedited processing.

**Dow Jones**

169.     FOIA required the SBA to grant expedited processing of the 1060 Dow Jones Request and the 1088 Dow Jones Request because Dow Jones demonstrated a compelling need for the requested records.

170.     The SBA denied expedited processing of the 1060 Dow Jones Request and the 1088 Dow Jones Request.  Exs. 7 & 8.

171.     The SBA violated FOIA by denying expedited processing.

**ProPublica**

172.     FOIA required the SBA to grant expedited processing of the 914 ProPublica Request because ProPublica demonstrated a compelling need for the requested records.

173.    The SBA denied expedited processing of the 914 ProPublica Request.  Ex. 11.

174.    The SBA violated FOIA by denying expedited processing.

**AP**

175.    FOIA required the SBA to grant expedited processing of the 594 AP Request because AP demonstrated a compelling need for the requested records.

176.    The SBA denied expedited processing of the 594 AP Request.  Ex. 25.

177.    The SBA violated FOIA by denying expedited processing.

**COUNT IV**
**Declaratory and Injunctive Relief:**
**Constructive Denial of Expedited Processing in Violation of FOIA, 5 U.S.C. § 552**
**(The Post, Dow Jones, ProPublica, The Times, and ABC News)**

178.    Plaintiffs reallege and incorporate by reference all previous paragraphs as if fully set forth herein.

179.    FOIA provides this Court with jurisdiction to review "[a]gency action to deny or affirm denial of a request for expedited processing," as well as "failure by an agency to respond in a timely manner to such a request."  5 U.S.C. § 552(a)(4)(B) & (a)(6)(E)(iii).

180.    FOIA requires that within 10 days of receiving a request for expedited processing, an agency must make "a determination of whether to provide expedited processing" and provide "notice of the determination . . . to the person making the request."  5 U.S.C. § 552(a)(6)(E)(ii)(I).

**The Post**

181.    The Post submitted the Post Request to the SBA on April 24, 2020.  Ex. 1 at 1.

182.    Pursuant to FOIA, the SBA was required to provide the Post with a determination on its request for expedited processing by May 4, 2020.  5 U.S.C. § 552(a)(6)(E)(ii)(I).

183.    To date, the SBA has not provided the Post with such a determination.

184.    The SBA failed to timely respond to the Post's request for expedited processing.

185.     There is no basis under FOIA to deny expedited processing of this request.

**Dow Jones**

186.     Dow Jones submitted FOIA requests to the SBA on April 24 and May 1, 2020. Ex. 5 at 4, 6-7.

187.     Pursuant to FOIA, the SBA was required to provide Dow Jones with a determination on the most recent of these requests for expedited processing by May 11, 2020. 5 U.S.C. § 552(a)(6)(E)(ii)(I).

188.     To date, the SBA has not provided Dow Jones with a determination on expedited processing as to any of these requests.

189.     The SBA failed to timely respond to these requests for expedited processing.

190.     There is no basis under FOIA to deny expedited processing of these requests.

**ProPublica**

191.     ProPublica submitted the 1043 ProPublica Request to the SBA on April 30, 2020. Ex. 12 at 1.

192.     Pursuant to FOIA, the SBA was required to provide ProPublica with a determination on its request for expedited processing by May 10, 2020.   5 U.S.C. § 552(a)(6)(E)(ii)(I).

193.     To date, the SBA has not provided ProPublica with such a determination.

194.     The SBA failed to timely respond to ProPublica's request for expedited processing.

195.     There is no basis under FOIA to deny expedited processing of this request.

**The Times**

196.     The Times submitted the Times Request to the SBA on April 27, 2020.  Ex. 13 at 1.

197.    Pursuant to FOIA, the SBA was required to provide The Times with a determination on its request for expedited processing by May 7, 2020.    5 U.S.C. § 552(a)(6)(E)(ii)(I).

198.    To date, the SBA has not provided The Times with such a determination.

199.    The SBA failed to timely respond to The Times's request for expedited processing.

200.    There is no basis under FOIA to deny expedited processing of this request.

**ABC News**

201.    ABC News submitted the ABC News Request to the SBA on April 13, 2020.  Ex. 18 at 1.

202.    Pursuant to FOIA, the SBA was required to provide ABC News with a determination on its request for expedited processing by April 23, 2020.    5 U.S.C. § 552(a)(6)(E)(ii)(I).

203.    To date, the SBA has not provided ABC News with such a determination.

204.    The SBA failed to timely respond to ABC News's request for expedited processing.

205.    There is no basis under FOIA to deny expedited processing of this request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Declare unlawful the SBA's constructive denial of all the Plaintiffs' requests;

B.    Declare unlawful the SBA's constructive denial of the ACBJ Appeal and the CNN Appeal;

C.    Declare unlawful the SBA's denial of expedited processing of the 620 Bloomberg Request, the 910 Bloomberg Request, and the 1018 Bloomberg Request; the 1060 Dow Jones Request and the 1088 Dow Jones Request; the

914 ProPublica Request; and the 594 AP Request;

D.   Declare unlawful the SBA's failure to make and provide Plaintiffs with a timely determination as to expedited processing of the other FOIA requests described above in Count IV;

E.   Enter an injunction, pursuant to 5 U.S.C. § 552(a)(4)(B), directing the SBA to make available all records sought by the Plaintiffs, unredacted, and setting a deadline for compliance;

F.   Enter an injunction, pursuant to 5 U.S.C. § 552(a)(6)(E)(iii), directing the SBA to process all the Plaintiffs' FOIA requests as soon as practicable, and setting a deadline for compliance;

G.   Provide for expeditious proceedings in this action;

H.   Award Plaintiffs their costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

I.   Grant such other and further relief as the Court may deem just and proper.

Dated:  May 29, 2020          Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com

*Counsel for Plaintiffs*