# Exhibit 1

**EXPEDITED FOIA request for Paycheck Protection Program and Emergency Injury Disaster Loan data**

Jones, Nate <Nate.Jones@washpost.com>
Fri 4/24/2020 12:58 PM

**To:** foia@sba.gov <foia@sba.gov>

THE WASHINGTON POST
1301 K STREET, N.W.
WASHINGTON, D.C. 20071-7403

April 24, 2020

VIA EMAIL
Chief, Freedom of Information/Privacy Acts Office
U.S. Small Business Administration
409 Third St. SW, eighth floor
Washington, DC 20416
FOIA@sba.gov

Re: EXPEDITED FOIA request for Paycheck Protection Program and Emergency Injury Disaster Loan data

Dear Information Officer:

Pursuant to the Freedom of Information Act (FOIA), I hereby request the following:

1.  *Data from the Paycheck Protection Program loan program, including names of applicants, dates of applications, and loan amounts approved from April 3, 2020 until the completion of this loan program. The SBA's website defines the following as information generally disclosed under FOIA and we request this data for all recipients of Paycheck Protection Act loans:*

- Names and commercial street and email addresses of recipients of approved loans;

- Date of loan approval and date of disbursement (if available);
- Names of officers, directors, stockholders or partners of recipient firms;
- Kinds and amounts of loans, loan terms, interest rates, maturity dates, general purpose;
- Identity and location of participating banks.

    *As you know, The Paycheck Protection Program loan application clearly states:* **"…SBA must supply information reflected in agency files and records to a person requesting it. Information about approved loans that will be automatically released includes, among other things, statistics on our loan programs (individual borrowers are not identified in the statistics) and other information such as the names of the borrowers (and their officers, directors, stockholders or partners), the collateral pledged to secure the loan, the amount of the loan, its purpose in general terms and the maturity."** *Previous SBA loan information* **in this program** *has been released in response to FOIA requests and is currently on the SBA's online FOIA reading room.*

1

*2. Data from the Economic Injury Disaster loan program (EIDL), including names of applicants, dates of applications, and loan amounts approved from March 12, 2020 until the completion of this loan program. We request that the data include:*

- Names and commercial street and email addresses of recipients of approved loans;
- Date of loan approval and date of disbursement (if available);
- Names of officers, directors, stockholders or partners of recipient firms;
- Kinds and amounts of loans, loan terms, interest rates, maturity dates, general purpose;
- Identity and location of participating banks.

Additionally, the SBA's FOIA page says the agency intends to provide "loan-specific data to the public" but that it is "focusing its efforts on assisting small businesses during this unprecedented disruption.*"*

However, it is clear from the agency's website that the SBA already has this data  for both loan programs in a database and is merely withholding much of it from the public at a time when Congress is appropriating billions of new dollars for this program. The SBA produces weekly reports for [the PPP program](#) and [the EIDL program](#) breaking down these loans by state, size of loan, type of industry sector and number of loans approved per lender.

I am a representative of the Washington Post, a news media organization primarily engaged in the dissemination of information that is urgently needed to inform the public of actual or alleged Federal Government activity. **This request qualifies for expedited processing** because:

1) knowledge of the efficiency of the Paycheck Protection Program and Emergency Injury Disaster loan is a matter of current exigency to the American public;

2) delay in releasing information about the efficiency of the Paycheck Protection Program and Emergency Injury Disaster loan program will compromise the recognized public interest in being informed of the efforts and success of the federal stimulus program law enacted to fight the economic fallout of the Covid-19 pandemic.

3) Small Business Administration loans are clearly federal government activity; and

4) there are credible claims, including by members of the House of Representatives and Senate, and U.S. governors, that aspects of the government's activity in the Paycheck Protection Program and Emergency Injury Disaster loan program are improper. I certify that this information is true and correct to the best of my knowledge. (See *Al-Fayed v. C.I.A.*, 254 F.3d 300, 310 (D.C. Cir. 2001); *Bloomberg, L.P. v. U.S. Food & Drug Admin.*, 500 F.Supp.2d 371, 378 (S.D.N.Y. 2007).

If you regard these documents as potentially exempt from the FOIA's disclosure requirements, I request that you nonetheless exercise your discretion to disclose them.  As the FOIA requires under 5 U.S.C. § 552(a)(8), **please release all segregable, non-exempt portions** of documents.  To permit me to reach an intelligent and informed decision whether to file an administrative appeal of any denied material, please describe any withheld records (or portions thereof) and explain the basis for your exemption claims.

As required by the statute, please review whether there is any foreseeable harm from disclosing the requested records, or if any potential harm would be limited in comparison to the public

interest in disclosure.  As required by 5 U.S.C. § 552(a)(8), please release all such information, even if it technically may fall under a FOIA exemption.

As a representative of the news media, The Washington Post qualifies for **news media fee status** under 5 U.S.C. § 552(a)(4)(A)(ii)(II) and, therefore, may not be charged search and review fees. (See *National Security Archive v. U.S. Department of Defense*, 880 F.2d 1381 (D.C. Cir. 1989), cert denied, 110 S Ct. 1478 (1990)). This request is made as part of a scholarly and news research project that is intended for publication and is not for commercial use. For details on the Post's news reporting activities please see our website at www.washingtonpost.com.

As you know, 5 U.S.C. § 552(a)(4)(A)(viii)(I) prohibits agencies from charging news media organizations duplication fees if the agency does not meet its twenty working day time limit (thirty working days for "unusual" requests).

Additionally, because this information will be used by the Washington Post for the preparation of news articles that will be broadly disseminated to the general public, it will contribute significantly to public understanding of the operations or activities of the government and is not primarily in the Post's commercial interest.  As such, please grant a **fee waiver** for any remaining fees incurred.

Please notify me before incurring any cost over $100.

To expedite the release of the requested documents, please disclose them on an interim basis in **electronic format** as they become available to you, without waiting until all the documents have been processed.  If you have any questions regarding my request, including its scope, please contact me at **nate.jones@washpost.com**.

Sincerely,
**/S/**
**Nate Jones**




Nate Jones
FOIA Director
The Washington Post
@FOIANate

3