IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

**WP COMPANY LLC d/b/a THE
WASHINGTON POST, BLOOMBERG
L.P., DOW JONES & COMPANY, INC.,
PRO PUBLICA, INC., THE NEW
YORK TIMES COMPANY,
AMERICAN BROADCASTING
COMPANIES, INC.
d/b/a ABC NEWS, AMERICAN CITY
BUSINESS JOURNALS, CABLE
NEWS NETWORK, INC.,
NBCUNIVERSAL MEDIA, LLC d/b/a
NBC NEWS, THE ASSOCIATED
PRESS, THE CENTER FOR
INVESTIGATIVE REPORTING
d/b/a REVEAL,**

*Plaintiffs,*

v.

**U.S. SMALL BUSINESS
ADMINISTRATION,**

*Defendant.*

Case No. 1:20-cv-01240
(*JEB*)

---

**DEFENDANT'S ANSWER
TO PLAINTIFFS' AMENDED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

Defendant, the U.S. Small Business Administration ("SBA" or "Defendant"), by and

through its undersigned counsel, hereby answers the Amended Complaint for Declaratory

and Injunctive Relief filed on May 29, 2020 (Doc. 5) ("Amended Complaint") by Plaintiffs

WP Company LLC d/b/a The Washington Post, Bloomberg L.P., Dow Jones & Company,

Inc., Pro Publica, Inc., The New York Times Company, American Broadcasting Companies,

1

Inc. d/b/a ABC News, American City Business Journals, Cable News Network, Inc., NBCUniversal Media, LLC d/b/a NBC News, The Associated Press, and The Center for Investigative Reporting d/b/a Reveal.

In response to the Amended Complaint, all allegations in the Amended Complaint, including relief sought, are denied except when specifically admitted:

1.      Paragraph 1 consists of Plaintiffs' characterization of their allegations to which no response is required.

2.      Paragraph 2 consists of Plaintiffs' characterization of their allegations to which no response is required.

3.      Paragraph 3 consists of Plaintiffs' characterization of their allegations to which no response is required.

4.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 4.

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5.

6.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8.

9.      Defendant lacks knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 9.

10.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12.

13.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14.

15.     Defendant admits that SBA is an agency under 5 U.S.C. § 552(f)(1).  Paragraph 15 otherwise consists of conclusions of law to which no response is required.

16.     Paragraph 16 consists of conclusions of law to which no response is required.

17.     Paragraph 17 consists of conclusions of law to which no response is required.

18.     Defendant admits the allegation in Paragraph 18.

19.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     The allegations in Paragraph 20 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 20 consists of alleged quotation from a Federal Reserve Press Release dated April 29, 2020.  Defendant respectfully refers the Court to that press release for a complete and accurate statement of

its contents.

21.     The allegations in Paragraph 21 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 21 consists of statistical information allegedly quoted from the Bureau of Labor and Statistics website. Defendant respectfully refers the Court to that website for a complete and accurate statement of its contents.

22.     The allegations in Paragraph 22 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 22 consists of alleged quotation from a transcript of a press conference given by Federal Reserve Chair Jerome Powell on April 29, 2020.  Defendant respectfully refers the Court to that transcript for a complete and accurate statement of its contents.

23.     Defendant admits the allegation in Paragraph 23.

24.     Defendant denies the allegations of Paragraph 24, except admits that Section 1102 of the CARES Act temporarily adds a new program, titled the "Paycheck Protection Program," to SBA's 7(a) Loan Program.

25.     The allegations in Paragraph 25 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 25 consists of alleged quotations from the U.S. Department of the Treasury's website regarding the CARES Act.  Defendant respectfully refers the Court to that website for a complete and accurate statement of its contents.

26.     The allegations in Paragraph 26 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 26 consists of

alleged quotations from SBA's website regarding Paycheck Protection Program loans. Defendant respectfully refers the Court to that website for a complete and accurate statement of its contents.

27.     The allegations in Paragraph 27 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 27 consists of alleged quotations from the SBA Office of Inspector General's Flash Report on SBA's Implementation of the Paycheck Protection Program Requirements (Report 20-14). Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents.

28.     The allegations in Paragraph 28 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Defendant otherwise admits the allegation in Paragraph 28.

29.     The allegations in Paragraph 29 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 29 consists of conclusions of law to which no response is required.

30.     The allegations in Paragraph 30 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 30 allegedly paraphrases articles published by the Wall Street Journal and ProPublica.  Defendant respectfully refers the Court to those articles for a complete and accurate statement of their contents.

31.     The allegations in Paragraph 31 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 31 allegedly

paraphrases an article published by the Washington Post.  Defendant respectfully refers the Court to that article for a complete and accurate statement of its contents.

32.     The allegations in Paragraph 32 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 32 allegedly paraphrases an article published by Bloomberg News.  Defendant respectfully refers the Court to that article for a complete and accurate statement of its contents.

33.     The allegations in Paragraph 33 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 33 allegedly paraphrases an article published by the New York Times.  Defendant respectfully refers the Court to that article for a complete and accurate statement of its contents.

34.     The allegations in Paragraph 34 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 34 consists of alleged quotations from letters sent by certain members of the U.S. House of Representatives Select Subcommittee on the Coronavirus Crises.  Defendant respectfully refers the Court to those letters for a complete and accurate statement of their contents.

35.     The allegations in Paragraph 35 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 35 consists of alleged quotations from the SBA Office of Inspector General's Flash Report on SBA's Implementation of the Paycheck Protection Program Requirements (Report 20-14). Defendant respectfully refers the Court to that report for a complete and accurate statement of its contents.

36.     The allegations in Paragraph 36 do not set forth a claim for relief or aver facts in

support of a claim to which an answer is required.  Moreover, Paragraph 36 allegedly paraphrases a press release by the National Federation of Independent Businesses. Defendant respectfully refers the Court to that press release for a complete and accurate statement of its contents.

37.     The allegations in Paragraph 37 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 37 consists of alleged quotations from an April 10, 2020 letter from certain members of the U.S. House of Representatives to SBA Administrator Carranza and Treasury Secretary Mnuchin. Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents

38.     The allegations in Paragraph 38 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 38 consists of alleged quotations from a May 4, 2020 letter from certain members of the U.S. House of Representatives to SBA Administrator Carranza.  Defendant respectfully refers the Court to that letter for a complete and accurate statement of its contents.

39.     The allegations in Paragraph 39 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 39 consists of alleged quotations from an SBA press release.  Defendant respectfully refers the Court to that press release for a complete and accurate statement of its contents.

40.     The allegations in Paragraph 40 do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  Moreover, Paragraph 40 allegedly paraphrases a working paper maintained on the National Bureau of Economic Research

website.  Defendant respectfully refers the Court to that working paper for a complete and accurate statement of its contents.

41.     Paragraph 41 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

42.     Paragraph 42 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

43.     Paragraph 43 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

44.     Paragraph 44 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

45.     Paragraph 45 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.   Defendant denies the allegations in Paragraph 45.

46.     Paragraph 46 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

47.     Paragraph 47 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

48.     Paragraph 48 consists of Plaintiffs' characterization of their FOIA requests and Defendant's responses.  Defendant respectfully refers the Court to the averments herein responding to Plaintiffs' individual allegations about those FOIA requests and Defendant's responses.

49.     Defendant admits the allegations in Paragraph 49 and avers that SBA assigned the request tracking numbers SBA-2020-000946 and 000947.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

50.     Defendant admits the allegation in Paragraph 50.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

51.     Defendant admits the allegation in Paragraph 51.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

52.     Defendant admits the allegation in Paragraph 52 that, as of the date of the Complaint, Defendant had not responded to the request for expedited processing.

53.     Defendant admits the allegation in Paragraph 53.

54.     Defendant denies the allegation in Paragraph 54.

55.     Defendant admits the allegation in Paragraph 55, and avers that it provided the Post with an interim FOIA response.

56.     Defendant admits the allegation in Paragraph 56, and avers that it provided the Post with an interim FOIA response.

57.     Defendant admits the allegations in Paragraph 57 and avers that SBA assigned the requests tracking numbers SBA-2020-000555, 000557, 000622, 000620, 000910, and 001018. Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

58.     Defendant admits the allegations in Paragraph 58.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

59.     Defendant denies the allegations in Paragraph 59, except admits that SBA responded to the Bloomberg FOIA requests.  Defendant respectfully refers the Court to the responses for a complete and accurate statement of their contents.

60.     Defendant denies the allegation in Paragraph 60.

61.     Defendant admits the allegation in Paragraph 61, avers that it provided Bloomberg News with an interim FOIA response.

62.     Defendant admits the allegation in Paragraph 62, avers that it provided Bloomberg News with an interim FOIA response.

63.     Defendant admits that SBA denied requests for expedited processing of the FOIA requests assigned tracking numbers SBA-2020-000620, SBA-2020-000910, and SBA-2020-001018, and Defendant avers that it made the expedited-processing determination within

the required ten business days.  Defendant respectfully refers the Court to the emails from SBA to Bloomberg News regarding the requests for a complete and accurate statement of the contents of those emails.

64.     Defendant admits the allegation in Paragraph 64, and avers that it provided Bloomberg News with an interim FOIA response.

65.     Defendant admits the allegations in Paragraph 65 and avers that SBA assigned the requests tracking numbers SBA-2020-000580, 001060, and 001088.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

66.     Defendant admits the allegation in Paragraph 66.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

67.     Defendant denies the allegations in Paragraph 67, except admits that SBA responded to FOIA request number SBA-2020-000580.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

68.     Defendant admits the allegation in Paragraph 68.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

69.     Defendant admits the allegation in Paragraph 69.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

70.     Defendant admits that SBA denied the request for expedited processing for FOIA request number SBA-2020-001060, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to the emails from SBA to Dow Jones regarding the requests for a complete and accurate statement of the contents of those emails.

71.     Defendant admits that SBA denied the request for expedited processing for FOIA request number SBA-2020-001088, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to the emails from SBA to Dow Jones regarding the requests for a complete and accurate statement of the contents of those emails.

72.     Defendant avers that SBA responded to FOIA request number SBA-2020-000580 and SBA denied the requests for expedited processing for FOIA request numbers SBA-2020-001060 and SBA-2020-001088.  Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.     Defendant admits the allegation in Paragraph 73, and avers that it provided Dow Jones with an interim FOIA response.

74.     Defendant denies the allegation in Paragraph 74.

75.     Defendant admits the allegation in Paragraph 75, and avers that it provided Dow Jones with an interim FOIA response.

76.     Defendant admits the allegation in Paragraph 76, and avers that it provided Dow Jones with an interim FOIA response.

77.     Defendant admits the allegation in Paragraph 77.  Defendant respectfully refers the Court to the requests for a complete and accurate statement of their contents.

78.     Defendant admits the allegation in Paragraph 78.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

79.     Defendant denies the allegations in Paragraph 79, except admits that SBA responded to the FOIA request numbered SBA-2020-000914.   Defendant respectfully

refers the Court to the response for a complete and accurate statement of its contents.

80.     Defendant admits that SBA denied the request for expedited processing for FOIA request number SBA-2020-000914, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to the emails from SBA to ProPublica for a complete and accurate statement of their contents.

81.     Defendant admits the allegation in Paragraph 81, and avers that it provided ProPublica with an interim FOIA response.

82.     Defendant denies the allegation in Paragraph 82.

83.     Defendant admits the allegation in Paragraph 83, and avers that it provided ProPublica with an interim FOIA response.

84.     Defendant admits the allegation in Paragraph 84, and avers that it provided ProPublica with an interim FOIA response.

85.     Defendant admits the allegation in Paragraph 85.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

86.     Defendant admits the allegation in Paragraph 86.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

87.     Defendant admits the allegation in Paragraph 87 that, as of the date of the Complaint, Defendant had not provided a determination on the request for expedited processing.

88.     Defendant admits the allegation in Paragraph 88 that, at as of the date of the Complaint, Defendant had not responded to FOIA request number SBA-2020-001043.

Defendant avers that it subsequently provided a response.

89.     Defendant admits the allegations in Paragraph 89, and avers that Defendant assigned the request tracking number SBA-2020-000982.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

90.     Defendant admits the allegation in Paragraph 90.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

91.     Defendant admits the allegation in Paragraph 91 that, as of the date of the Complaint, Defendant had not provided a determination on the request for expedited processing.

92.     Defendant admits the allegation in Paragraph 92, and avers that it provided The Times with an interim FOIA response.

93.     Defendant denies the allegation in Paragraph 93.

94.     Defendant admits the allegation in Paragraph 94, and avers that it provided The Times with an interim FOIA response.

95.     Defendant admits the allegation in Paragraph 95, avers that it provided The Times with an interim FOIA response.

96.     Defendant admits the allegations in Paragraph 96, and avers that Defendant assigned the request tracking numbers SBA-2020-000628 and 000630.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

97.     Defendant denies the allegations in Paragraph 97, except admits that SBA responded to the FOIA requests numbered SBA-2020-000628 and 000630.  Defendant

respectfully refers the Court to the responses for a complete and accurate statement of their contents.

98.     Defendant denies the allegations in Paragraph 98, except admits that ASBJ filed an appeal from SBA's response to FOIA number SBA-2020-000628.  Defendant respectfully refers the Court to the appeal for a complete and accurate statement of its contents.

99.     Defendant admits the allegation in Paragraph 99.  Defendant respectfully refers the Court to the notification for a complete and accurate statement of its contents.

100.    Paragraph 100 consists of conclusions of law to which no response is required.

101.    Paragraph 101 consists of conclusions of law to which no response is required.

102.    Defendant denies the allegation in Paragraph 102.

103.    Defendant admits the allegation in Paragraph 103, and avers that Defendant provided ACBJ with an interim FOIA response.

104.    Defendant admits the allegation in Paragraph 104, avers that Defendant provided ACBJ with an interim FOIA response.

105.    Defendant admits the allegations in Paragraph 105, and avers that Defendant assigned the request tracking number SBA-2020-000586.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

106.    Defendant admits the allegation in Paragraph 106.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

107.    Defendant denies the allegations in Paragraph 107, except admits that SBA responded to FOIA request number SBA-2020-000586.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

108.    Defendant denies the allegation in Paragraph 108.

109.    Defendant admits the allegation in Paragraph 109, and avers that Defendant provided ABC News with an interim FOIA response.

110.    Defendant denies the allegation in Paragraph 110.

111.    Defendant admits the allegation in Paragraph 111, and avers that Defendant provided ABC News with an interim FOIA response.

112.    Defendant admits the allegation in Paragraph 112, and avers that Defendant provided ABC News with an interim FOIA response.

113.    Defendant admits the allegations in Paragraph 113, and avers that Defendant assigned the request tracking number SBA-2020-000626.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

114.    Defendant denies the allegations in Paragraph 114, except admits that SBA responded to FOIA request number SBA-2020-000626.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

115.    Defendant denies the allegations in Paragraph 115, except admits that CNN filed an appeal of SBA's response to FOIA number SBA-2020-000626.  Defendant respectfully refers the Court to the appeal for a complete and accurate statement of its contents.

116.    Defendant admits the allegation in Paragraph 116.  Defendant respectfully refers the Court to the notification for a complete and accurate statement of its contents.

117.    Paragraph 117 consists of conclusions of law to which no response is required.

118.    Paragraph 118 consists of conclusions of law to which no response is required.

119.    Defendant denies the allegation in Paragraph 119.

120.    Defendant admits the allegation in Paragraph 120, and avers that Defendant provided CNN with an interim FOIA response.

121.    Defendant admits the allegation in Paragraph 121, and avers that Defendant provided CNN with an interim FOIA response.

122.    Defendant admits the allegation in Paragraph 122.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

123.    Defendant admits the allegations in Paragraph 123, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to the emails from SBA to AP for a complete and accurate statement of their contents.

124.    Defendant denies the allegation in Paragraph 124, except admits that SBA responded to FOIA request number SBA-2020-000594.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

125.    Defendant admits the allegation in Paragraph 125.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

126.    Defendant admits the allegation in Paragraph 126.  Defendant respectfully refers the Court to the notice of extension for a complete and accurate statement of its contents.

127.    Paragraph 127 consists of conclusions of law to which no response is required.

128.    Paragraph 128 consists of conclusions of law to which no response is required.

129.    Defendant denies the allegation in Paragraph 129, except admits that, as of the date of the Complaint, Defendant had not responded to request number SBA-2020-000882.

130.    Defendant admits the allegation in Paragraph 130, and avers that Defendant

provided the AP with an interim FOIA response.

131.    Defendant admits the allegation in Paragraph 131, and avers that Defendant provided the AP with an interim FOIA response.

132.    Defendant admits the allegation in Paragraph 132.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

133.    Defendant denies the allegation in Paragraph 133, except to admit that SBA responded to FOIA request number SBA-2020-000658.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

134.    Defendant admits the allegation in Paragraph 134.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

135.    Defendant denies the allegation in Paragraph 135, except admits that SBA responded to FOIA request number SBA-2020-000660.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

136.    Defendant admits the allegation in Paragraph 136.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

137.    Defendant denies the allegation in Paragraph 137, except admits that SBA responded to FOIA request number SBA-2020-001029.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

138.    Defendant denies the allegation in Paragraph 138.

139.    Defendant admits the allegation in Paragraph 139, and avers that Defendant provided NBC News with an interim FOIA response.

140.    Defendant admits the allegation in Paragraph 140, and avers that Defendant

provided NBC News with an interim FOIA response.

141.   Defendant admits the allegations in Paragraph 141, and avers that Defendant assigned the request tracking number SBA-2020-000830.  Defendant respectfully refers the Court to the request for a complete and accurate statement of its contents.

142.   Defendant denies the allegation in Paragraph 142, except admits that SBA responded to FOIA request number SBA-2020-000830.  Defendant respectfully refers the Court to the response for a complete and accurate statement of its contents.

143.   Defendant denies the allegation in Paragraph 143.

144.   Defendant admits the allegation in Paragraph 144, and avers that Defendant provided Reveal with an interim FOIA response.

145.   Defendant admits the allegation in Paragraph 145, and avers that Defendant provided Reveal with an interim FOIA response.

146.   Defendant repeats its responses to the preceding paragraphs and incorporates them as if fully stated herein.

147.   Paragraph 147 consists of conclusions of law to which no response is required.

148.   Paragraph 148 consists of conclusions of law to which no response is required.

149.   Paragraph 149 consists of conclusions of law to which no response is required.

150.   Defendant admits the allegation in Paragraph 150.

151.   Paragraph 151 consists of conclusions of law to which no response is required.

152.   Paragraph 152 consists of conclusions of law to which no response is required.

153.   Paragraph 153 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 153.

154.    Defendant repeats its responses to the preceding paragraphs and incorporates them as if fully stated herein.

155.    Paragraph 155 consists of conclusions of law to which no response is required.

156.    Paragraph 156 consists of conclusions of law to which no response is required.

157.    Paragraph 157 consists of conclusions of law to which no response is required.

158.    Defendant admits the allegation in Paragraph 158.

159.    Defendant admits the allegation in Paragraph 159.

160.    Paragraph 160 consists of conclusions of law to which no response is required.

161.    Paragraph 161 consists of conclusions of law to which no response is required.

162.    Defendant admits the allegation in Paragraph 162 that, as of the date of the Complaint, Defendant had not issued a determination on the ACBJ Appeal or the CNN Appeal.

163.    Paragraph 163 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 163.

164.    Defendant repeats its responses to the preceding paragraphs and incorporates them as if fully stated herein.

165.    Paragraph 165 consists of conclusions of law to which no response is required.

166.    Paragraph 166 consists of conclusions of law to which no response is required.

167.    Defendant admits the allegations in Paragraph 167, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to SBA's emails to Bloomberg for a complete and accurate statement of their contents.

168.     Paragraph 168 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 168.

169.     Paragraph 169 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 169.

170.     Defendant admits the allegations in Paragraph 170, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to SBA's emails to Dow Jones for a complete and accurate statement of their contents.

171.     Paragraph 171 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 171.

172.     Paragraph 172 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 172.

173.     Defendant admits the allegations in Paragraph 173, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant respectfully refers the Court to SBA's email to ProPublica for a complete and accurate statement of its contents.

174.     Paragraph 174 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 174.

175.     Paragraph 175 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 175.

176.     Defendant admits the allegations in Paragraph 176, and Defendant avers it made the expedited-processing determination within the required ten business days.  Defendant

respectfully refers the Court to SBA's email to AP for a complete and accurate statement of its contents.

177.   Paragraph 177 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 177.

178.   Defendant repeats its responses to the preceding paragraphs and incorporates them as if fully stated herein.

179.   Paragraph 179 consists of conclusions of law to which no response is required.

180.   Paragraph 180 consists of conclusions of law to which no response is required.

181.   Defendant admits the allegation in Paragraph 181.

182.   Paragraph 182 consists of conclusions of law to which no response is required.

183.   Defendant admits the allegation in Paragraph 183 that, as of the date of the Complaint, Defendant had not responded to the request for expedited processing.

184.   Paragraph 184 consists of conclusions of law to which no response is required.

185.   Paragraph 185 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 185.

186.   Defendant admits the allegation in Paragraph 186.

187.   Paragraph 187 consists of conclusions of law to which no response is required.

188.   Defendant denies the allegation in Paragraph 188.

189.   Paragraph 189 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 189.

190.   Paragraph 190 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 190.

191.    Defendant admits the allegation in Paragraph 191.

192.    Paragraph 192 consists of conclusions of law to which no response is required.

193.    Defendant admits the allegation in Paragraph 193 that, as of the date of the Complaint, Defendant had not issued a determination on the request for expedited processing for FOIA request number SBA-2020-0001043.

194.    Paragraph 194 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 194.

195.    Paragraph 195 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 195.

196.    Defendant admits the allegation in Paragraph 196.

197.    Paragraph 197 consists of conclusions of law to which no response is required.

198.    Defendant admits the allegation in Paragraph 198 that, as of the date of the Complaint, Defendant had not issued a determination on the request for expedited processing of its FOIA request.

199.    Paragraph 199 consists of conclusions of law to which no response is required.

200.    Paragraph 200 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 200.

201.    Defendant admits the allegation in Paragraph 201.

202.    Paragraph 202 consists of conclusions of law to which no response is required.

203.    Defendant admits the allegation in Paragraph 203 that, as of the date of the Complaint, Defendant had not issued a determination on the request for expedited processing of its FOIA request.

204.    Paragraph 204 consists of conclusions of law to which no response is required.

205.    Paragraph 205 consists of conclusions of law to which no response is required. Defendant otherwise denies the allegation in Paragraph 205.


The remainder of the Amended Complaint sets forth requested relief, to which no response is required. To the extent a response is deemed required to the remainder of the Amended Complaint, Defendant denies that any Plaintiff is entitled to the relief sought. Each and every allegation not heretofore expressly admitted or denied is denied.

## <u>AFFIRMATIVE DEFENSES</u>

1.   Plaintiffs have failed to exhaust their administrative remedies.

2.   Some or all of the requested documents and information are exempt from disclosure under FOIA.  See 5 U.S.C. 552(b).

Date: June 12, 2020                    Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

_____/s/  Indraneel Sur_____
INDRANEEL SUR
(D.C. Bar No. 978017)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel.: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendant*