IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **WP COMPANY LLC**<br>**d/b/a THE WASHINGTON POST, et al.**,<br><br>           Plaintiffs,<br><br>v.<br><br>**U.S. SMALL BUSINESS ADMINISTRATION**,<br><br>           Defendant. | Case No. 1:20-cv-1240-JEB |

## JOINT STATUS REPORT

Pursuant to the Court's June 29, 2020 Minute Order, Plaintiffs WP Company LLC d/b/a The Washington Post, Bloomberg L.P., Dow Jones & Company, Inc., Pro Publica, Inc., The New York Times Company, American Broadcasting Companies, Inc. d/b/a ABC News, American City Business Journals, Inc., Cable News Network, Inc., NBCUniversal Media, LLC d/b/a NBC News, The Associated Press, and The Center for Investigative Reporting d/b/a Reveal, and Defendant the U.S. Small Business Administration ("SBA"), submit this Joint Status Report and their proposed briefing schedules for further proceedings in this matter.

### Plaintiffs' Report and Proposal

In this Freedom of Information Act ("FOIA") action, Plaintiffs seek basic information about the businesses that have received more than half a trillion dollars in taxpayer funds under the Paycheck Protection Program ("PPP") and more than $100 billion through the Economic Injury Disaster Loan ("EIDL") program. Plaintiffs specifically requested, *inter alia*, the names and addresses of all loan recipients and the dollar amount of each loan. The SBA has long and consistently disclosed such information for loans made under its "7(a) Loan Program" – the program to which the PPP was added under the CARES Act. *See, e.g.*, Answer, Dkt. 9, at ¶ 34.

Moreover, the PPP application itself put borrowers on notice that, pursuant to FOIA, certain "[i]nformation about approved loans . . . will be automatically released," including "the names of the borrowers" and "the amount of the loan."  *See* https://www.sba.gov/sites/default/files/2020-04/PPP-Borrower-Application-Form-Fillable.pdf at 4.

On June 29, 2020, the Court ordered Defendant to "issue a final response" to all of Plaintiffs' FOIA requests at issue in this case and to "produce any responsive non-exempt records" by July 13, 2020.  *See* Minute Order.  On July 6, 2020, Defendant "announced that it was releasing detailed loan-level data regarding the loans made under the [PPP]," stating that "[t]his disclosure covers each of the 4.9 million PPP loans that have been made."  *See* https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-and-treasury-announce-release-paycheck-protection-program-loan-data.

The data that Defendant released, however, did not provide <u>both</u> dollar amounts <u>and</u> names and addresses for even a single one of these loans.  For loans under $150,000 the SBA withheld recipients' names and addresses, and for loans over $150,000 the SBA withheld the actual dollar amount of the loan and instead provided "loan amount ranges" of $150,000-$350,000; $350,000-$1 million; $1-$2 million; $2-$5 million; and $5-$10 million.  *Id.*  The data released on July 6 also does not appear to reflect loans that borrowers quickly repaid, such as the $4.6 million loan that the Los Angeles Lakers reportedly took out under the PPP.  *See, e.g.*, Matt Bonesteel, "Lakers say they've repaid federal loan meant to help small businesses," *The Washington Post*, Apr. 27, 2020, https://www.washingtonpost.com/sports/2020/04/27/lakers-say-theyve-repaid-federal-loan-meant-help-small-businesses/.

On July 13, 2020, Defendant notified the Plaintiffs that the data released on July 6, 2020 represented all of the "responsive non-exempt records" that Defendant would produce with

respect to the PPP.[1]  Defendant asserted that "[p]ortions of the data" – *i.e.*, the names and addresses of recipients of loans under $150,000 and the dollar amounts of loans over $150,000 – "are being withheld pursuant to FOIA Exemptions 4 and 6."  *See, e.g.*, Plaintiffs' Exhibit 1 (Defendant's July 13, 2020 letter to Plaintiff *The Washington Post*).

The July 6 release does not satisfy Plaintiffs' FOIA requests and leaves the American people without the information necessary to monitor this historic use of the public fisc.  By way of example, Plaintiff *The Associated Press* could not determine the total amount of taxpayer dollars obtained by the U.S. Roman Catholic Church after religious groups "persuaded the Trump administration to free them from a rule that typically disqualifies an applicant with more than 500 workers."  Reese Dunklin & Michael Rezendes, "Catholic Church lobbied for taxpayer funds, got $1.4B," AP, July 10, 2020, https://apnews.com/dab8261c68c93f24c0bfc1876518b3f6 (estimating the total amount that the Church received at "between $1.4 billion and $3.5 billion" and stating that "[t]he AP couldn't find more Catholic beneficiaries because the government's data . . . didn't name recipients of loans under $150,000 – a category in which many smaller churches would fall.  And because the government released only ranges of loan amounts, it wasn't possible to be more precise.").

The lack of disclosure has likewise affected Plaintiffs' ability to uncover the extent to which businesses with ties to Congress or the President have benefited from the program.  *See, e.g.*, Jack Gillum et al., "Trump Friends and Family Cleared for Millions in Small Business Bailout," *ProPublica*, July 6, 2020, https://www.propublica.org/article/trump-friends-and-

---

[1] Defendant also produced one record responsive to request SBA-2020-000995, which sought a copy of the "data set or data sets" that Defendant provided to economics professors for a working paper about the PPP.  *See* Am. Compl., Dkt. 5, at ¶ 57.  The Court has ordered Defendant to produce responsive non-exempt EIDL records by July 20, 2020.  Minute Order, July 16, 2020.

family-cleared-for-millions-in-small-business-bailout; Lauren Fox et al., "Covid relief went to hair salons, restaurants, law firms – and some members of Congress," CNN, July 8, 2020, https://www.cnn.com/2020/07/06/politics/small-business-ppp-loan-data-covid-relief/index.html. These withholdings also make it more difficult to determine whether minority-owned businesses have had equitable access to PPP loans. *See, e.g.*, Iain Carlos, "Many of Twin Cities' largest minority-owned firms tapped PPP loans," *Minneapolis / St. Paul Business Journal*, July 9, 2020, https://www.bizjournals.com/twincities/news/2020/07/09/largest-minority-owned-firms-tapped-ppp-loans.html.

Plaintiffs therefore propose that the parties cross-move for summary judgment as to the following issues:

- Does FOIA require Defendant to disclose the amount of each PPP loan?

- Does FOIA require Defendant to disclose the name and address of each PPP borrower?

- Does FOIA require Defendant to disclose data on PPP loans that were approved but not borrowed, or that were borrowed but quickly repaid?

Plaintiffs further propose the following deadlines for summary judgment briefing:

- **August 7, 2020:** Defendant's motion for summary judgment;

- **August 28, 2020:** Plaintiffs' cross-motion and opposition;

- **September 11, 2020:** Defendant's opposition and reply; and

- **September 18, 2020:** Plaintiffs' reply.

**Defendant's Report and Proposal**

SBA provided letters to Plaintiffs on July 13, 2020 noting that data on PPP loans has been made available through SBA's website (www.sba.gov/ppp). The data on Economic Injury Disaster Loans ("EIDL") and emergency grants will be provided on July 20, 2020.

The letters explained that portions of the data are being withheld pursuant to FOIA

Exemptions 4 and 6.  Exemption 4 protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential."  5 U.S.C. § 552(b)(4); SBA Standard Operating Procedure 40-03-3 & Appendix C.  Exemption 6 protects information when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  The letters further explained that loan-level data that implicates concerns about personal privacy and confidential, proprietary, and commercially sensitive business information is being withheld.

SBA's PPP and EIDL responsibilities are ongoing.  For example, although the authorization for PPP loans initially ended on June 30, 2020, the President on July 4, 2020 signed into law Public Law No: 116-147, 134 Stat. 660, which reauthorizes lending under the PPP through August 8, 2020.

In light of the foregoing, SBA respectfully proposes the following briefing schedule for summary judgment on Plaintiffs' FOIA claims:

- **August 18, 2020**: SBA's motion for summary judgment
- **September 8, 2020**: Plaintiffs' cross-motion and opposition
- **September 22, 2020**: SBA's opposition and reply
- **September 29, 2020**: Plaintiffs' reply

SBA will specify the issues for determination in its opening summary judgment brief.

Dated:  July 17, 2020   Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Kristel Tupja (*admission pending*)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
tupjak@ballardspahr.com

*Counsel for Plaintiffs*


JOSEPH H. HUNT
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Director

/s/ *Indraneel Sur*
INDRANEEL SUR
(D.C. Bar No. 978017)
Trial Attorney
U.S. Department of Justice,
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Tel.: (202) 616-8488
Email: indraneel.sur@usdoj.gov

*Counsel for Defendant*