**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WP COMPANY LLC d/b/a THE
WASHINGTON POST, *et al.*,

      *Plaintiffs*,

          v.                               Civil Action No. 20-1240 (JEB)

U.S. SMALL BUSINESS
ADMINISTRATION,

      *Defendant*.

CENTER FOR PUBLIC INTEGRITY,

      *Plaintiff*,

          v.                               Civil Action No. 20-1614 (JEB)

U.S. SMALL BUSINESS
ADMINISTRATION,

      *Defendant*.

**REPLY IN SUPPORT OF MOTION FOR A STAY PENDING APPEAL**
**AND FOR ADMINISTRATIVE STAY**

Dated: November 19, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

INDRANEEL SUR
JAMES BICKFORD
Trial Attorneys

Federal Programs Branch, Civil Division
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone:  (202) 616-8448
E-mail:     Indraneel.Sur@usdoj.gov

*Counsel for Defendant*

There are strong grounds for granting a stay of the Court's November 5 Order until December 7, 2020, or, if the government files a notice of appeal, pending appeal.  No. 20-1240 ECF No. 24 (Nov. 12, 2020) ("Mem.").  Permitting the Order to be enforced before the government has even decided whether to appeal would compel the U.S. Small Business Administration (SBA) to "release the names, addresses, and precise loan amounts of all individuals and entities that obtained COVID-related loans pursuant to" the PPP and EIDL—a disclosure SBA has contended would contravene FOIA Exemptions 4 and 6.  Such a disclosure would irreparably harm the government and borrowers by mooting any appeal concerning the records, and would improperly invade the confidentiality and privacy rights of millions of borrowers already struggling to cope with the effects of the pandemic and the resulting economic distress.  Plaintiffs, by contrast, would suffer no cognizable harm from preservation of the status quo during the normal operation of the appellate process.  Indeed, the government has committed to making an appeal determination by December 7, 2020, almost a month earlier than the January 5, 2021 deadline ordinarily available under Federal Rule of Appellate Procedure 4.  Contrary to Plaintiffs' contentions in opposition (No. 20-1240 ECF No. 25 (Nov. 16, 2020) ("Opp.")), the failure to grant the requested stay would mark a dramatic departure from the standard practice of federal courts in FOIA cases.  *See, e.g.*, *HHS v. Alley*, 556 U.S. 1149 (2009) (staying district court's order directing agency to disclose records under FOIA, pending final disposition of appeal).

## I.      THE BALANCE OF HARMS OVERWHELMINGLY FAVORS THE STAY

The balance of harms weighs heavily in favor of the requested stay.  Mem. 4-7.  Disclosing the portions of the records at issue would render this case moot as to the information sought, would irreparably harm the government by depriving it of its right to appellate review, and would irreparably harm the confidentiality and privacy interests of millions of individuals and small business borrowers identified in those records.  By contrast, the granting of a stay

will cause no cognizable harm to Plaintiffs.

    **a**.  Plaintiffs fail to address the reality that disclosure of the information at issue would moot the government's appeal.  Once the disputed information is released, Plaintiffs, as FOIA requestors, would obtain all the relief that is available under FOIA.  Courts therefore have consistently held that disclosure of disputed records will moot a challenge to an agency's denial of a FOIA request.  Mem. 4-5; *see also Payne Enters., Inc. v. United States*, 837 F.2d 486, 487, 490-91 (D.C. Cir. 1988) ("It is, of course, true that, 'however fitful or delayed the release of information under the FOIA may be, once all requested records are surrendered, federal courts have no further statutory function to perform' with respect to the particular records that were requested.") (quoting *Perry v. Block*, 684 F.2d 121, 125 (D.C. Cir. 1982)).

    Plaintiffs offer no justification for departing from the prevailing practice of federal courts, which routinely stay FOIA disclosure orders pending a government appeal.  Such stays are necessary to avoid mooting the appeal and destroying the government's right to obtain appellate review.  *See John Doe Agency, et al. v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (need to preserve government's right to appeal is "perhaps the most compelling justification" for granting a stay in FOIA cases) (quoting *New York v. Kleppe*, 429 U.S. 1307, 1310 (1976)); *see also Pratt v. Webster*, 673 F.2d 408, 413 (D.C. Cir. 1982).

    Plaintiffs err in contending (Opp. 7-8) that the irreparable harm to the appellate right is negated here because their FOIA requests purportedly do not seek SBA's "own information" and no borrower "has intervened to seek a stay."  As an initial matter, if Plaintiffs are now conceding that the information sought is not "'official information that sheds light on an agency's performance of its statutory duties,'" but instead is "information about private citizens . . . that reveals little or nothing about an agency's own conduct," that means the public interest

2

under FOIA does *not* favor disclosure—which, at a minimum, undercuts Plaintiffs' opposition to the stay application (and, indeed, their Exemption 6 argument on the merits).  Mem. 6-7; *see Quiñón v. FBI*, 86 F.3d 1222, 1231 (D.C. Cir. 1996) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)).

But even if Plaintiffs are not making such a concession, their attempt to fence off SBA's interests from the borrowers' interests is incorrect.  Through FOIA, Congress sought "to balance the public's need for access to official information with the *Government's* need for confidentiality."  *Weinberger v. Catholic Action of Hawaii*, 454 U.S. 139, 144 (1981) (emphasis added).  While FOIA generally calls for "broad disclosure of Government records," Congress also "realized that legitimate governmental and private interests could be harmed by release of certain types of information."  *Dep't of Justice v. Julian*, 486 U.S. 1, 8 (1988) (quotation marks omitted).  Because "public disclosure is not always in the public interest," Congress "provided that *agency* records may be withheld" if they fall within one of the Act's exemptions.  *CIA v. Sims*, 471 U.S. 159, 166-67 (1985) (emphasis added); *see Bonner v. U.S. Dep't of State*, 928 F.2d 1148, 1152 (D.C. Cir. 1991) ("FOIA judicial review . . . remains an assessment of the *agency* decision to withhold a document").  Those exemptions "are intended to have meaningful reach and application."  *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989).

Accordingly, in this case, by invoking Exemptions 4 and 6 as grounds for withholding agency information obtained from borrowers, SBA is not simply acting on behalf of borrowers, but, rather, the agency is carrying out its *own* responsibilities under FOIA to protect the interests of those borrowers and the SBA programs to which these loans relate.  *See* 15 U.S.C. § 631(a) (declared policy under Small Business Act, 15 U.S.C. § 631 *et seq*., is to "aid, counsel, assist, and *protect*, insofar as is possible, the *interests* of small-business concerns," and thereby to

preserve the free enterprise system "essential" to national economic well-being and security) (emphases added).  For example, agencies routinely redact third party personally identifying information under Exemption 6, but courts do not require those third parties to intervene in Exemption 6 cases, as would be expected if courts believed the agencies lacked a sufficient interest in maintaining such redactions.  Plaintiffs' attempt to assign significance to the absence of private party intervention in this case is therefore mistaken.  Nor would intervention have been practicable, given that Plaintiffs themselves insisted that this case be litigated on an accelerated briefing schedule, leaving scant opportunity for intervention or amicus filings.  *See* No. 20-1240 ECF No. 10, at 2 (June 29, 2020).

**b.**  Plaintiffs are also wrong to ignore the irreparable harm to affected individuals and businesses nationwide whose information would be disclosed absent a stay.  Mem. 5-7. Although Plaintiffs contend that Exemptions 4 and 6 do not protect the information sought, if the Court of Appeals were to disagree with that contention, the confidentiality and privacy interests of the borrowers in the disputed information would be irrevocably lost through an earlier disclosure.

**c.**  Contrary to Plaintiffs' contention (Opp. 8-10), staying the November 5 Order until December 7, 2020, or pending appeal if one is brought, will cause Plaintiffs no cognizable, irreparable harm.  They proffer only bare, unsupported assertions of harm predicated on news reports (not evidence) describing speculation about potential future COVID-related relief Congress could enact, and on Department of Justice statements describing episodes of COVID-related fraud currently being prosecuted.  But mere speculation about future legislation does not make information about *past* PPP and EIDL borrowers "a live and pressing issue."  Opp. 9. Moreover, the existence of criminal prosecutions "in the weeks since briefing on summary

judgment closed in this matter" shows that release of the disputed information is not critical to government efforts to redress "waste, fraud, and abuse," which can continue even if disclosure in this action is stayed pending appeal. *Id.*

## II.        THERE ARE AT LEAST SERIOUS MERITS QUESTIONS FOR APPEAL

If the government were to appeal (a decision Plaintiffs would deny the Acting Solicitor General adequate time to consider), there are at least "questions going to the merits so serious, substantial, difficult and doubtful, as to make them a fair ground for litigation and thus for more deliberative investigation" under Exemptions 4 and 6. *Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc*., 559 F.2d 841, 844 (D.C. Cir. 1977); Mem. 7-12.

Although Plaintiffs disagree with SBA (Opp. 2-7), they simply recite portions of this Court's November 5, 2020 Memorandum Opinion. But the analysis cannot end there. Plaintiffs misunderstand the showing required to warrant a stay under the circumstances here, where the equities weigh decisively in favor of preserving the status quo and preserving the government's right to appeal. In that regard, while Plaintiffs seek to rely (Opp. 2) on this Court's denial of an Internal Revenue Service motion for suspension of an injunction pending appeal in *Loving v. IRS*, 920 F. Supp. 2d 108 (D.D.C. 2013), that decision correctly recognized the applicable legal standard here.

Indeed, "[t]he IRS is correct," this Court observed in *Loving*, "that the Court need not determine that it erred and will likely be reversed—an acknowledgment one would expect few courts to make; instead, so long as the other factors strongly favor a stay, such remedy is appropriate if 'a serious legal question is presented.'" *Id.* at 110 (citing, *inter alia*, *Holiday Tours*, 559 F.2d at 843). "Although the Court continues to believe its decision was correct," this Court continued, "it is certainly cognizant that the issue is one of first impression and raises serious and difficult legal questions. If the other factors tip in favor of a stay, therefore, this

factor will not preclude one." *Id.*

SBA meets that standard here.  This case raises questions of first impression:  The D.C. Circuit has not previously applied Exemptions 4 or 6 to a case involving the extraordinary emergency circumstances that gave rise to the PPP and EIDL programs at issue here.  Among other things, the D.C. Circuit has not ruled under those exemptions that isolated provisions of the borrower application forms could override SBA's pre-existing Standard Operating Procedure (which committed the agency to preserving proprietary and confidential information obtained from borrowers).  Nor has the D.C. Circuit balanced the public and private interests presented in this case under Exemption 6, and the validity of the analogy between this case to prior decisions (including *Multi AG Media v. Dep't of Agriculture*, 515 F.3d 1224 (D.C. Cir. 2008), and *Consumers' Checkbook Ctr. v. Dep't of Health & Human Servs.*, 554 F.3d 1046 (D.C. Cir. 2009)) remains unresolved.

At a minimum, Plaintiffs' disagreement on the merits with SBA cannot undermine the seriousness or difficulty of the legal questions presented.  So, even if this Court is not convinced it "will likely be reversed," because "the other factors tip in favor of a stay," as explained, the likelihood of success requirement is satisfied on the government's showing of a serious legal question for appeal.  *Loving*, 920 F. Supp. 2d at 110.

*        *        *        *

For the foregoing reasons and those stated in the opening memorandum, the application for a stay of the November 5, 2020 order pending the filing of a notice of appeal by December 7, 2020, or pending appeal if such a notice is filed, should be granted.  Should this Court deny the stay application, it should nevertheless extend the administrative stay it entered on November 13, 2020, through the D.C. Circuit's ruling on any motion for stay pending appeal filed in that Court.

Dated:  November 19, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

Respectfully submitted,

*/s/  Indraneel Sur*
INDRANEEL SUR
JAMES BICKFORD
Trial Attorneys

Federal Programs Branch,
Civil Division
United States Department of Justice
P.O. Box 883
Washington, D.C. 20044
Telephone:  (202) 616-8448
E-mail:      Indraneel.Sur@usdoj.gov

*Counsel for Defendant*