**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

**WP COMPANY LLC
d/b/a THE WASHINGTON POST, et al.**,

Plaintiffs,

v.

**U.S. SMALL BUSINESS ADMINISTRATION**,

Defendant.

Case No. 1:20-cv-1240-JEB

---

### PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(E), and Rule 54(d) of the Federal Rules of Civil Procedure, Plaintiffs WP Company LLC d/b/a The Washington Post, Bloomberg L.P., Dow Jones & Company, Inc., Pro Publica, Inc., The New York Times Company, American Broadcasting Companies, Inc. d/b/a ABC News, American City Business Journals, Inc., Cable News Network, Inc., NBCUniversal Media, LLC d/b/a NBC News, The Associated Press, and The Center for Investigative Reporting d/b/a Reveal, hereby request that the Court enter an Order declaring the U.S. Small Business Administration (the "SBA") liable for the Plaintiffs' reasonable attorneys' fees and costs in this matter.

### PRELIMINARY STATEMENT

By securing the release of the records wrongly withheld under FOIA in this case, Plaintiffs have vindicated the public's right to know about and monitor the disbursement of more than half a trillion taxpayer dollars during a period of unprecedented financial and social disruption caused by the COVID-19 pandemic.  The requested data will directly and significantly advance the public's interest in understanding the SBA's Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program, evaluating whether they have functioned

as intended, and monitoring their historic outlays of public funds for waste, fraud, and abuse.

Plaintiffs were able to obtain a judicial order for the release of names, addresses, and loan amounts of all individuals and entities that obtained COVID-related loans (the "Loan Data") only by pursuing this litigation.  This outcome indisputably warrants an award of fees and costs to Plaintiffs under the two-step analysis followed in this Circuit, in which the Court first assesses "eligibility" and then "entitlement" to fees and costs.  Plaintiffs are eligible for a fee award because they have substantially prevailed by successfully obtaining a judicial order for the total release of the records they sought, which the SBA unreasonably refused to produce.  Plaintiffs are also entitled to recover their fees and costs because, as news organizations working together and receiving no commercial benefit for their efforts, Plaintiffs seek to disseminate and report on the Loan Data to the public and make possible further analyses of the government's pandemic response efforts.  Moreover, Plaintiffs' fee request is reasonable, reflecting 318.93 hours of work by attorneys and paralegals and the ordinary costs of filing fees and related expenses.

For the reasons below, Plaintiffs respectfully request that the Court enter an order declaring that the SBA is liable to Plaintiffs for an award of reasonable attorneys' fees in the amount of $154,648.27 and costs in the amount of $193.65.

## FACTUAL AND PROCEDURAL BACKGROUND

In April and May 2020, each of the Plaintiffs submitted FOIA requests to the SBA for records that would identify and provide basic information about the borrowers approved for loans under the SBA's PPP and COVID-related EIDL programs.  *See* Am. Compl. ¶ 41 (Dkt. 5). Though there were slight variations among these requests, all sought essentially the same information that the SBA routinely provides about borrowers under its Section 7(a) program. *See id*.  The SBA either failed to respond to the requests or it issued boilerplate responses stating

that, at some point in the future, it hoped "to turn [its] efforts to providing loan specific data to the public." *See id.* ¶ 44. On May 12, 2020, five Plaintiffs filed an initial Complaint in this action, challenging the SBA's constructive denial of two requests and its denial or constructive denial of the expedited processing of several others. *See* Compl. ¶ 3 (Dkt. 1). All of the current Plaintiffs subsequently filed an Amended Complaint on May 29, 2020. *See* Am. Compl. ¶ 44.

The SBA filed its Answer on June 12, 2020, in which it asserted, contrary to its initial representations, that "[s]ome or all of the requested documents and information were exempt from disclosure under FOIA." Answer at 24 ¶ 2 (Dkt. 9). The Court then ordered the parties to file a joint status report and proposed briefing schedule. Minute Order, June 15, 2020. The Court subsequently directed the SBA to make a final response to Plaintiffs' requests by July 13, 2020, and ordered the parties to submit a further joint status report with a proposed briefing schedule by July 17, 2020. Minute Order, June 29, 2020.

On July 6, 2020, the SBA publicly "announced [that] it was releasing detailed loan-level data regarding the loans made under the [PPP]," stating that "[t]his disclosure covers each of the 4.9 million PPP loans that have been made." *See* SBA, *SBA and Treasury Announce Release of Paycheck Protection Program Loan Data*, July 13, 2020, https://www.sba.gov/about-sba/sba-newsroom/press-releases-media-advisories/sba-and-treasury-announce-release-paycheck-protection-program-loan-data. The data that the SBA released, however, did not provide both dollar amounts and borrower names and addresses for <u>any</u> of these loans. For loans under $150,000 the SBA withheld recipients' names and addresses, and for loans over $150,000 the SBA withheld the dollar amount of the loan and instead provided "loan amount ranges" of $150,000-$350,000; $350,000-$1 million; $1-$2 million; $2-$5 million; and $5-$10 million. *Id.*

On July 13, 2020, the SBA notified Plaintiffs that the data released on July 6 represented

3

all of the "responsive non-exempt records" that the SBA would produce with respect to the PPP. The SBA specifically asserted that "[p]ortions of the data" – *i.e.*, the names and addresses of recipients of loans under $150,000 and the dollar amounts of loans over $150,000 – "are being withheld pursuant to FOIA Exemptions 4 and 6."  *See, e.g.*, Dkt. 13-1 at 1.

On July 21, 2020, the Court ordered the parties to complete briefing on cross-motions for summary judgment by September 29, 2020.  Minute Order, July 21, 2020.  The parties proceeded to litigate the propriety of withholding the Loan Data under Exemptions 4 and 6.  Dkts. 14-20.

On November 5, 2020, this Court granted Plaintiffs' cross-motion for summary judgment and denied the SBA's motion.  Order, Nov. 5, 2020 (Dkt. 22).  The Court directed the SBA by November 19, 2020, to "release the names, addresses, and precise loan amounts of all individuals and entities that obtained COVID-related loans pursuant to the Paycheck Protection Program and Economic Injury Disaster Loans program."  *Id.* ¶ 5.  Pursuant to Rule 54(d)(2)(B)(i) and 5 U.S.C. § 552(a)(4)(E), Plaintiffs now timely move for an award of their attorneys' fees and costs in this matter.

## ARGUMENT

This is a quintessential case for awarding attorneys' fees and costs under FOIA. Plaintiffs, a coalition of national news organizations, requested the Loan Data for the specific purpose of disseminating and reporting on it to the public; the SBA withheld the Loan Data as exempt under FOIA; the parties litigated the propriety of those withholdings; and the Court ruled for Plaintiffs that the SBA's withholdings were improper, thoroughly explaining why the Loan Data will help the public understand "what the government is up to."  Opinion at 35 (Dkt. 23) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 755 (1989)).

In these circumstances, the basis for an award of attorneys' fees and costs is beyond dispute.

I.     **PLAINTIFFS ARE ELIGIBLE FOR AND ENTITLED TO FEES AND COSTS.**

The FOIA statute provides that the Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under [FOIA] in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To determine whether to issue such an award, the D.C. Circuit has established a two-step test, first assessing "eligibility" and then "entitlement" to fees. *See, e.g.*, *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011) ("The eligibility prong asks whether a plaintiff has 'substantially prevailed' and thus 'may' receive fees. If so, the court proceeds to the entitlement prong and considers a variety of factors to determine whether the plaintiff should receive fees.") (emphasis in original) (citation omitted). Plaintiffs satisfy both prongs here, and the Court should accordingly find the SBA liable to Plaintiffs for their reasonable attorneys' fees and costs.

A.     **Plaintiffs Are Eligible To Recover Reasonable Attorneys' Fees And Costs.**

Plaintiffs are "eligible" for a fee award on the face of the FOIA statute itself. A FOIA plaintiff is eligible for a fee award if it has "substantially prevailed" in the litigation, which the law defines as obtaining some relief through "a judicial order, or an enforceable written agreement or consent decree," or "a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). Here, the SBA withheld the Loan Data under Exemptions 4 and 6, and pursuant to this lawsuit the Court ordered the SBA to release all of the Loan Data by a date certain. Order ¶ 5. Because Plaintiffs obtained the complete judicial relief they pursued in this case, they have substantially prevailed and are eligible for an award of their reasonable attorneys' fees and costs.

**B.      Plaintiffs Are Entitled To Recover Reasonable Attorneys' Fees And Costs.**

Plaintiffs are also clearly "entitled" to recover their attorneys' fees and costs.  The D.C.

Circuit considers four non-exclusive factors to determine fee entitlement: "(1) the public benefit

derived from the case, (2) the commercial benefit to the requester, (3) the nature of the

requester's interest in the information, and (4) the reasonableness of the agency's conduct."

*Morley v. CIA*, 719 F.3d 689, 690 (D.C. Cir. 2013) (per curiam).[1]  "Balancing these factors is a

matter for the district court."  *Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008).  In

this case, all four factors weigh in Plaintiffs' favor.

**Public Benefit:**  The public will clearly benefit from Plaintiffs' success in obtaining

these records.  A FOIA requester's success meets the public benefit threshold when it "is likely

to add to the fund of public information that citizens may use in making vital political choices."

*EPIC v. NSA*, 87 F. Supp. 3d 223, 234 (D.D.C. 2015) (citation and internal marks omitted); *see*

*also Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (holding that a public benefit is

significant where the "FOIA request and subsequent litigation were intended to compel

disclosure of information relating to the activities of a government agency . . . in relation to a

significant historical event," and where "[a]t least one of the requested documents was not

previously available to the public").

The records that the SBA has been ordered to produce will shed light on the distribution

---

[1] Then-Judge Kavanaugh, concurring in *Morley*, argued that "[w]e should ditch the four-factor
standard" because it does not appear in the FOIA statute and was apparently considered and
rejected by Congress.  719 F.3d at 690-91 (Kavanaugh, J., concurring).  Judge Kavanaugh
advocated instead for the rule that applies in civil rights cases:  prevailing plaintiffs should
receive attorneys' fees "with only a very narrow exception for 'special circumstances' such as
bad faith by a prevailing plaintiff."  *Id.* at 692.  Plaintiffs agree this should be the standard and
that the four-factor standard improperly limits the broad fee-shifting provision that Congress
enacted.  Under either standard, however, Plaintiffs would prevail.

of over half a trillion taxpayer dollars.  Opinion at 4-5.  That plainly advances the recognized

public interest in information that allows for "public scrutiny of agency action that distributes

extensive amounts of public funds in the form of subsidies and other financial benefits."  *See*

*Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1232 (D.C. Cir. 2008); *see also News-*

*Press v. Dep't of Homeland Sec.*, 489 F.3d 1173 (11th Cir. 2007) (emphasizing public interest in

data surrounding agency's handling of disaster-relief claims); *United States v. Suarez,* 880 F.2d

626, 630 (2d Cir. 1989) ("[T]here is an obvious legitimate public interest in how taxpayers'

money is being spent, particularly when the amount is large.").  As this Court further recognized,

the public benefit is even greater where, as here, disclosure will help shed light on allegations of

waste, fraud, and abuse.  Opinion at 32-34.  The public benefit is therefore clear in this case.

      **Commercial Benefit & Nature of the Plaintiffs' Interest:**  The second and third

factors, usually considered together, further support Plaintiffs' entitlement to fees.  Plaintiffs are

all news organizations, each of which joined in this effort to disseminate and report on the Loan

Data to the public.  It is well settled in the D.C. Circuit for precisely this reason that the second

and third factors favor news media requesters, whose interests are public rather than private.  *See*

*Tax Analysts v. Dep't of Justice*, 965 F.2d 1092, 1096 (D.C. Cir. 1992) (noting that the second

and third factors are "often considered together," recognizing "that news interests should not be

considered commercial interests, and that a court would generally award fees if the

complainant's interest in the information was journalistic," and observing that "FOIA's

legislative history makes plain that Congress wanted news organizations to be treated favorably

under the attorney's fee provision") (citations, alterations, and internal marks omitted).

      **Agency Conduct:**  The fourth and final factor, the agency's conduct, also counsels in

favor of a fee award.  This factor "considers whether the agency's opposition to disclosure 'had a

reasonable basis in law,'" *Davy*, 550 F.3d at 1162, and this Court has thoroughly explained why

the SBA's withholdings lacked any reasonable basis in fact or law.  On Exemption 4, the Court

concluded, the SBA relied on "fundamentally flawed" assumptions that caused "the agency's

entire theory" to "collapse[]" when subjected to scrutiny.  Opinion at 12-20.  On Exemption 6,

the Court likewise explained, the SBA offered a series of "unavailing" arguments and ultimately

the balance between privacy interests in the Loan Data and the public interest in its disclosure

was "not particularly close."  *Id.* at 25-39.  The SBA thus had no sound basis to withhold the

Loan Data, and that, along with the other factors, establishes Plaintiffs' entitlement to an award

of attorneys' fees and costs.

## II.   PLAINTIFFS' REQUESTED FEES AND COSTS ARE REASONABLE.

Plaintiffs specifically ask this Court to award $154,648.27 in attorneys' fees and $193.65

in costs.  To determine "reasonable" attorneys' fees, courts in this Circuit often use the *LSI-*

*Laffey* Matrix (the "*Laffey* Matrix"), which bases an attorney's hourly rate on his or her years of

experience.  *E.g.*, *Mattachine Soc'y of Wash. v. Dep't of Justice*, 406 F. Supp. 3d 64, 70-71

(D.D.C. 2019) (awarding $178,134 in attorneys' fees).  Under the *Laffey* Matrix, fees in this case

would amount to the following, based upon years of experience as of 2020, and applying the

rates listed in the *Laffey* Matrix for the period of June 1, 2020 through May 31, 2021:

| Name | Title | Years Of Experience | *Laffey* Matrix Rate | Hours Billed | Fees |
|---|---|---|---|---|---|
| Charles D. Tobin | Partner | 30+ years | $914 | 52.47 | $47,957.58 |
| Maxwell S. Mishkin | Associate | 6 years | $465 | 205.18 | $95,408.70 |
| Kristel Tupja | Associate | 3 years | $378 | 22.52 | $8,512.56 |
| Scott E. Bailey | Paralegal | N/A | $206 | 28.51 | $5,852.46 |
| Ryan R. Relyea | Paralegal | N/A | $206 | 10.25 | $2,111.50 |
| **TOTAL** | | | | **318.93** | **$159,842.80** |

Because the standard hourly rate that Mr. Tobin billed in this matter is even lower than the *Laffey*

Matrix provides for an attorney of his experience, however, Plaintiffs will voluntarily apply his

market rate instead as an "effort[] to be reasonable in [this] request." *See Mattachine Soc'y*, 406 F. Supp. 3d at 70. That reduces Plaintiffs' requested fee award to the total of $154,648.27.

As detailed in Mr. Tobin's accompanying Declaration, the attorneys' and paralegals' hours for which Plaintiffs seek compensation were reasonably expended in litigating this matter. The work generally involved the following: (1) a pre-complaint investigation and review of the legal authority for the lawsuit and a review of the underlying facts; (2) drafting, editing, and filing a complaint; (3) drafting, editing, and filing an amended complaint; (4) reviewing the SBA's answer; (5) reviewing the SBA's motion for summary judgment; (6) drafting, editing, and filing a cross-motion for summary judgment; (7) reviewing the SBA's response to the cross-motion for summary judgment; (8) drafting, editing, and filing a reply; (9) communicating with the SBA as necessary throughout the litigation; and (10) providing Plaintiffs with timely updates and taking strategic direction from the client in response. Plaintiffs also seek to recover costs in the amount of $193.65, which is limited to certain administrative expenses incurred during the course of this action. Tobin Decl. ¶¶ 13-15.

Given the reasonable amount of hours and resources expended, this Court should award Plaintiffs their request for $154,648.27 in attorneys' fees and $193.65 in costs.

Pursuant to Local Rule 7(m), counsel for Plaintiffs conferred with counsel for the SBA regarding this motion. The SBA opposes this motion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion and order the SBA to pay to Plaintiffs $154,841.92 for Plaintiffs' attorneys' fees and costs.

Dated:  November 19, 2020        Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Kristel Tupja (#888324914)
1909 K Street NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
tupjak@ballardspahr.com

*Counsel for Plaintiffs*