**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **WP COMPANY LLC**<br>**d/b/a THE WASHINGTON POST, et al.**<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. SMALL BUSINESS ADMINISTRATION,**<br><br>Defendant. | Case No. 1:20-cv-1240-JEB |

**BRIEF OF AMICUS CURIAE**
**NATIONAL FEDERATION OF INDEPENDENT BUSINESS, INC. (NFIB)**
**IN SUPPORT OF WITHHOLDING RECORDS**
**ON LOAN STATUS, SOCIAL SECURITY NUMBERS, AND**
**EMPLOYER IDENTIFICATION NUMBERS**
**UNDER PAYCHECK PROTECTION PROGRAM**

Jonathan S. Goldstein (I.D. #PA0072)
GOLDSTEIN LAW PARTNERS, LLC
11 Church Road
Hatfield, PA 19440
Phone: 610.949.0444
Fax: 610.296.7730
jgoldstein@goldsteinlp.com

*Counsel for Amicus Curiae*
*National Federation of Independent Business, Inc.*

## CORPORATE DISCLOSURE STATEMENT

National Federation of Independent Business, Inc. (NFIB) is a membership association with no reportable parent companies, subsidiaries, affiliates, or similar entities under Federal Rule of Appellate Procedure 26.1(a).

## TABLE OF CONTENTS

**Page**

I. TABLE OF CONTENTS....i
II. TABLE OF AUTHORITIES....ii
III. STATEMENT OF COMPLIANCE WITH RULE 29(a)(4)(E)....iv
IV. STATEMENT OF INTEREST OF AMICUS CURIAE....1
IX. ARGUMENT....1

**1.** NFIB and its Interest in this Case....1

**2.** PPP and EIDL Loan Programs to Help Small Businesses....1

**3.** Court's Recent Prior Orders to SBA....3

**4.** Withheld Information Currently at Issue: Loan Status, DUNS Numbers, SSNs, and EINs....3

**5.** Dismiss Claim for Loan Status Records Under Rule 12(b)(6) for Failure to State a Claim....4

**6.** In the Alternative: Loan Status Records Fall Within FOIA Exemption 4....5

**7.** Paycheck Protection Program Use of Taxpayer Identification Numbers (SSN and EIN)....6

**8.** To the Extent Media Plaintiffs Make Any Claim with Respect SSNs, Dismiss Claim Under Rule 12(b)(6) for Failure to State a Claim....7

**9.** In the Alternative: SSNs Fall within FOIA Exemption 6....8

**10.** EINs Fall Within FOIA Exemption 3....9

**11.** Conclusion: Sustain SBA Withholding of Loan Status, SSNs, and EINs....10

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Church of Scientology of California v. IRS*, 484 U.S. 9, 11 (1987)……………………...……10

*Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134 (2018)………………………..…………5

*Food Marketing Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019)…………..……...…4

*Gulf & Western Indus., Inc. v. United States*, 615 F.2d 527, 530, 533 (D.C. Cir. 1979)………..…5

*Kowalczyk v. Dep't of Justice*, 73 F.3d 386 (D.C. Cir. 1996)…………………………………......4

*Sherman v. U.S. Dep't of the Army*, 244 F.3d 357 (5th Cir. 2001)……..................................…..9

*Tax Analysts v. IRS*, 117 F. 3d 607, 611 (D.C. Cir. 1997)………………………………………10

*United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1982)…...................................................................................................9

*United States Dep't of State v. Wash. Post Co.,* 456 U.S. 595, 602 (1982)……………………9

*Wash. Post Co. v. SBA*, 2020 WL 6504534 (D.D.C. 2020))…………………………..…….2, 3

*Wash. Post Co. v. SBA*, 2020 WL 6887623 (D.D.C. 2020)……………...…………….………….3

*Yagman v. Pompeo*, 868 F.3d 1075, 1082 (9th Cir. 2017)………..………………..……..……5, 8

*Yeager v. Drug Enf't Admin.*, 678 F.2d 315 (D.C. Cir. 1982)……………………...…………..4

**Statutes and Other Authorities**

5 U.S.C. § 552………..……………………………………………..……..…… *passim*

15 U.S.C. §§ 9011 ………………………………………………………………………2

15 U.S.C. § 631………..…………………………………………………………..…2, 6

15 U.S.C. § 636………..………………………………………………..……..……..…2, 6

26 U.S.C. § 6103………..…………………………………………….......……..…1, 9, 10

26 U.S.C. § 6109……..……………………………………………………………...……7

26 U.S.C. § 7701……….……………………………………………………………..……..…6, 7

Pub. L. No. 116-139, 134 Stat. 620 (2020)………..……………………………….....……..…2

Pub. L. No. 116-147, 134 Stat. 660 (2020)………..……………………………...……..…2

Pub. L. No.116-260, 134 Stat. 660 (2020)………..……………………………...……..…2

Pub. L. No. 111-83, 123 Stat. 2184 (2009)………..…………………………...……....…..…10

6 *Fed. Reg.* 3,692, 3712 (Jan. 14, 2021)(to be codified at 13 C.F.R. §§ 113, 120-21)….…...……2

86 *Fed. Reg.* 8283 (Feb. 5, 2021)(to be codified at 13 C.F.R. § 120)……………..………………2

26 C.F.R. § 301.6109-1(d)(4)(ii)………..……………………………………...……………7

Local Civil Rule 7………..……………………………...………………………...……..…1

**Other Sources**

First draw PPP Application, (https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483%20revised-508.pdf)………..…………………………………………………………………..……………7

First draw PPP application for borrowers using Schedule C gross income, (https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-C-508.pdf) ………..………………………………………..……………………………………………7

Second draw PPP application, (https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-SD%20revised-508.pdf)………..……………………………………………………………………7

Second draw PPP application for borrowers using Schedule C gross income, (https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-SD-C-508.pdf)………..……………………………………..…………………………………7

## STATEMENT OF COMPLIANCE WITH RULE 29(a)(4)(E)

No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than National Federation of Independent Business, Inc., its members, or its counsel contributed money that was intended to fund preparing or submitting this brief.

**ARGUMENT**

1. NFIB and its Interest in this Case. The National Federation of Independent Business, Inc. (NFIB) submits this amicus brief, consistent with U.S. District Court for the District of Columbia Local Civil Rule 7(o), in support of the U.S. Small Business Administration's (SBA) withholding under the Freedom of Information Act (FOIA) (5 U.S.C. § 552 (2018)) of records, or portions thereof, containing the loan status, Social Security Number (SSN), or Employer Identification Number (EIN) of borrowers under the SBA Paycheck Protection Program (PPP). NFIB is a California nonprofit mutual benefit corporation (Cal. Entity No. C0235462), recognized as tax-exempt under section 501(c)(6) of the Internal Revenue Code, which protects and advances the ability of Americans to own, operate, and grow their businesses and, in particular, ensures that the governments of the United States and the fifty states hear the voice of small business as they formulate public policies. Many small and independent business members of NFIB participate in the PPP. This brief amicus curiae maintains that: (a) loan status records are properly withheld because the Media Plaintiffs did not reasonably describe such records in their FOIA requests, and in the alternative because the loan status records fall within FOIA Exemption 4 (5 U.S.C. § 552(b)(4) (2018)); (b) SSN records are properly withheld because the Media Plaintiffs did not reasonably describe such record in their FOIA requests, and in the alternative because the SSN records fall within FOIA Exemption 6 (5 U.S.C. § 552(b)(6)); and (c) EIN records fall within FOIA Exemption 3 (5 U.S.C. § 552(b)(3)), given the nondisclosure requirements of section 6103 of the Internal Revenue Code (26 U.S.C. § 6103 (2018)).

2. PPP and EIDL Loan Programs to Help Small Businesses. Congress established the Paycheck Protection Program by law to help businesses pay their employees and meet financial obligations in the face of the COVID-19 pandemic and governmental actions in response to the

pandemic. *See* Title I in Division A of the CARES Act (Coronavirus Aid, Relief, and Economic Security Act §§ 1112, 15 U.S.C. §§ 9011 (2018)); The Paycheck Protection Program and Health Care Enhancement Act, Pub. L. No. 116-139, 134 Stat. 620 (2020); Paycheck Protection Program Flexibility Act of 2020 (15 U.S.C. §§ 631, 636); the Act of July 4, 2020 (Pub. L. No. 116-147, 134 Stat. 660 (2020)); and the Consolidated Appropriations Act, 2021, Pub. L. No.116-260, including the Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act ("Economic Aid Act") in Title III of Division N of the Consolidated Appropriations Act, 2021 (Pub. L. No. 116-147, §§ 301-348). Section 311(b)(2) of the Economic Aid Act specifically identifies the purpose of the Paycheck Protection Program: "to help businesses retain workers and meet financial obligations." Although the statutes governing the PPP and the implementing interim final rules issued by the SBA and the Department of Treasury (*see* PPP Regulations for SBA and Department of the Treasury, 86 *Fed. Reg.* 3,692, 3712 (Jan. 14, 2021)(to be codified at 13 C.F.R. §§ 113, 120-21) and 86 *Fed. Reg.* 8283 (Feb. 5, 2021)(to be codified at 13 C.F.R. § 120)) have grown numerous and complex, the essence of the PPP is a SBA guarantee of loans issued by lenders to eligible PPP borrowers and SBA forgiveness of those loans (with SBA paying the lenders) if the borrower uses the PPP loan proceeds in accordance with the statutory requirements for loan forgiveness. Many small and independent businesses have benefitted from the PPP and from the separate SBA Economic Injury Disaster Loan (EIDL) program, *see* 15 U.S.C. § 636(b)(2) (2018), a loan program which does not have a forgiveness element. As this Court stated in November 2020, "While the COVID-19 pandemic has upended daily life for all, its effects have proven particularly acute for the nation's small businesses . . . ." *Wash. Post Co. v. SBA*, Nos. 20-1240, 20-1614, 2020 WL 6504534, *1 (D.D.C. Nov. 5, 2020).

3. Court's Recent Prior Orders to SBA. In prior decisions in this case, this Court (a) ordered the SBA to "release the names, addresses, and precise loan amounts of all individuals and entities that obtained PPP and EIDL COVID-related loans by November 19, 2020," *Wash. Post Co. v. SBA*, Nos. 20-1240, 20-1614, 2020 WL 6504534, *18 (D.D.C. Nov. 5, 2020), (b) granted on November 13, 2020, a temporary stay while considering an SBA motion for a stay pending appeal, and (c) lifted its temporary stay, denied the SBA motion for a stay pending appeal, and ordered that the SBA "release the names, addresses, and precise loan amounts for all individuals and entities that obtained PPP and EIDL COVID-related loans by December 1, 2020." *Wash. Post Co. v. SBA*, Nos. 20-1240, 20-1614, 2020 WL 6887623, *5 (D.D.C. Nov. 24, 2020). The SBA took no appeal, sought no relief from any appellate court, and released the data as ordered on December 1, 2020.

4. Withheld Information Currently at Issue: Loan Status, DUNS Numbers, SSNs, and EINs. On February 10, 2021, the Media Plaintiffs filed a "Plaintiffs' Motion for a Briefing Schedule on the Withholding of Additional Responsive Records Recently Revealed by Defendant the Small Business Administration." In that February 10, 2021, filing, the Media Plaintiffs stated that, in this case, the SBA had improperly withheld three categories of records or portions of records: (1) the status of PPP loans, including the associated dates, outstanding balance, and internal codes identifying the SBA offices servicing and processing the loans, withheld under FOIA Exemption 4; (2) the Dunn & Bradstreet Data Universal Numbering System (DUNS) numbers for PPP borrowers, withheld under Exemption 4; and (3) EINs (often confused with SSNs and other taxpayer identification numbers) for PPP borrowers, withheld under Exemption 6. The Court's order of February 11, 2021, approved the briefing schedule proposed in the Motion. This amicus brief addresses records relating to PPP loan status, SSNs, and EINs. This brief does not address

DUNS numbers, because the use of those numbers depends in part upon a contract between SBA and Dunn & Bradstreet to which NFIB is not privy; NFIB can only say that, when the Court addresses the issue of DUNS numbers, the Court should give appropriate weight under the law to the business privacy, personal privacy, and liberty of small and independent businesses and their owners.

5. Dismiss Claim for Loan Status Records Under Rule 12(b)(6) for Failure to State a Claim. A review of the Media Plaintiffs' various FOIA requests as stated in the Amended Complaint (Docket Document 5, paragraphs 49 (Washington Post), 57 (Bloomberg), 66 (Dow Jones), 77 and 85 (ProPublica), 89 (The Times), 96 (American City Business Journals (ACBJ)), 105 (ABC News), 113 (CNN), 122 and 125 (Associated Press), 132, 134, and 136 (NBC News), and 141 (Reveal)) shows that Bloomberg requested PPP "recipient parent duns" and CNN requested "Borrower's EIN." None of the Media Plaintiffs made a request that reasonably described records of the status of loans. Section 552(a)(3)(A) of FOIA provides that ". . . each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person." A request reasonably describes records if "the agency is able to determine precisely what records are being requested." *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996) (quoting *Yeager v. Drug Enf't Admin.*, 678 F.2d 315, 326 (D.C. Cir. 1982)). Although courts once construed FOIA liberally in favor of plaintiffs suing the government, the Supreme Court has made clear that courts should simply provide the statute a "fair reading." *Food Marketing Inst. v. Argus Leader Media*, 139 S. Ct. 2356, 2366 (2019) ("Finally, Argus urges us to adopt a 'substantial competitive harm' requirement as a matter of policy because it believes FOIA exemptions should be narrowly

construed. But as we have explained in connection with another federal statute, we normally 'have no license to give [statutory] exemption[s] anything but a fair reading.' *Encino Motorcars, LLC v. Navarro*, 584 U.S. _____, _____, 138 S. Ct. 1134, 1142, 200 L. Ed. 2d 433 (2018)."). Absent a request that "reasonably describes" the records sought, the agency has no legal duty search for and make the records available. None of the Media Plaintiffs requests in this case "reasonably describes" loan status records. Accordingly, this Court should, under Federal Rule of Civil Procedure 12(b)(6), dismiss the Media Plaintiffs claim for disclosure of loan status records for failure to state a claim. *Yagman v. Pompeo*, 868 F.3d 1075, 1082 (9th Cir. 2017) ("The requirement in § 552(a)(3) that a person submitting a FOIA request 'reasonably describe' what she or he seeks is properly viewed as an ingredient of the claim for relief, rather than a question of subject matter jurisdiction.").

6. In the Alternative: Loan Status Records Fall Within FOIA Exemption 4. Even if one of the Media Plaintiffs had reasonably described loan status records in its FOIA request (and none did), such matters would fall within Exemption 4 of the FOIA (5 U.S.C. § 552(b)(4)). Section 552(b)(4) provides that section 552 "does not apply to matters that are . . . (4) trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" PPP loan status records -- such as records on how much more you owe, when you owe it, whether you are in arrears and, if so, by how much -- fall within the core of "financial information obtained from a person and privileged or confidential." Loan status records aggregate information obtained from the business (e.g., payments on loans), and businesses and lenders customarily and actually treat the status of their loans as confidential. *See Gulf & Western Indus., Inc. v. United States*, 615 F.2d 527, 530, 533 (D.C. Cir. 1979). If the confidential loan status of a business is good, the business would benefit in the marketplace from

knowing more than its competitors and customers about its strong finances; if the confidential loan status of a business is bad, the business would avoid unwarranted injury from competitors and customers who would conclude, if they knew of the loan status, that the business is in trouble and act accordingly, with competitors taking advantage of the weakness in the marketplace and customers switching to other suppliers. Moreover, if the SBA were suddenly to turn on the small businesses they serve and empty out loan status records from their file cabinets for the news media, such SBA action would discourage businesses from trusting and borrowing from the SBA in the future, interfering with the congressional purpose of the PPP program stated in Section 311 of the Economic Aid Act: "to help businesses retain workers and meet financial obligations." Additionally, the SBA's FOIA provide borrowers with a reliance interest in the confidentiality of their loan status information. Appendix A to Subpart A of Part 102 of Title 13 in the Code of Federal Regulations, which deals with Records Maintained by the SBA, lists "Information Generally Exempt From Disclosure[,]" which includes "[*n*]*on-statistical information on defaults*, delinquencies, losses etc." and "[*l*]*oan status*, other than charged-off or paid-in-full." Thus, even if the Media Plaintiffs had reasonably described loan status records in their FOIA requests (which they did not), the records or reasonably segregable portions thereof would fall within FOIA Exemption 4 and SBA would properly withhold them.

7. Paycheck Protection Program Use of Taxpayer Identification Numbers (SSN and EIN). Section 7(a)(36)(C) of the Small Business Act (15 U.S.C. § 636(a)(36)(C) (2018)), governing Paycheck Protection Plan Loans, instructs the SBA: "Not later than 15 days after the date on which a loan is made under this paragraph, the Administration shall register the loan using the TIN (as defined in section 7701 of title 26 [the Internal Revenue Code of 1986]) assigned to the borrower." Title 26, Section 7701(a)(41) says: "The term 'TIN' means the identifying number

assigned to a person under section 6109." Section 6109 of the Internal Revenue Code requires any person who must file a return, statement, or other document under the Internal Revenue Code to include on the return, statement, or document "such identifying number as may be prescribed for securing proper identification of such person," under regulations prescribed by the Secretary of the Treasury. The Secretary has specified two principal numbers for such use by taxpayers: social security numbers (SSNs) for individuals (formatted 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, obtained by Form SS-5) and employer identification numbers (EINs) for employers, whether organizations and individuals (formatted 00-0000000, obtained by Form SS-4). An individual who has both an SSN (as an individual) and an EIN (as an employer) may use the SSN for individual taxes and the EIN for business taxes. 26 C.F.R. § 301.6109-1(d)(4)(ii) (2020). Every version of the SBA PPP Borrower Application Form, including the current revision of March 3, 2021, has a space for the applicant to enter his, her, or its "Business TIN (EIN, SSN, ITIN)" and a space to enter "TIN (EIN, SSN, ITIN)" for any owner of 20 percent or more of the equity of the Applicant.[1] As a result, the SBA has a large number of records containing either the EIN or the SSN of PPP loan applicants and of owners of 20 percent or more of the equity of applicants.

8. To the Extent Media Plaintiffs Make Any Claim with Respect SSNs, Dismiss Claim Under Rule 12(b)(6) for Failure to State a Claim. A review of the Media Plaintiffs' various FOIA requests as stated in the Amended Complaint shows that one Media Plaintiff (CNN),

---

[1] First draw PPP Application – https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483%20revised-508.pdf

First draw PPP application for borrowers using Schedule C gross income – https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-C-508.pdf

Second draw PPP application – https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-SD%20revised-508.pdf

Second draw PPP application for borrowers using Schedule C gross income – https://www.sba.gov/sites/default/files/2021-03/Borrower%20Application%202483-SD-C-508.pdf

requested under FOIA "Borrower's EIN." Given the distinction between an EIN and an SSN in the Internal Revenue Code, in the Secretary of the Treasury Regulations implementing the Code, and on the PPP Borrower Application form, the term "Borrower's EIN" cannot reasonably describe a Borrower's SSN. Since section 552(a)(3)(A) of title 5 provides that ". . . each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person," and no Media Plaintiff's FOIA request reasonably described SSN records, the agency has no legal duty to search for and make the records of SSNs available. Accordingly, this Court should, under Federal Rule of Civil Procedure 12(b)(6), dismiss any Media Plaintiffs claim for disclosure of SSNs for failure to state a claim. *Yagman v. Pompeo*, 868 F.3d 1075, 1082 (9th Cir. 2017) ("The requirement in § 552(a)(3) that a person submitting a FOIA request 'reasonably describe' what she or he seeks is properly viewed as an ingredient of the claim for relief, rather than a question of subject matter jurisdiction.").

9. In the Alternative: SSNs Fall within FOIA Exemption 6. Even if one of the Media Plaintiffs had reasonably described SSN records in its FOIA request (and none did), such matters would fall within Exemption 6 of the FOIA. Section 552(b)(6) provides: "This section does not apply to matters that are . . . (6) personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." To qualify for FOIA Exemption 6, the matter concerned must be "similar files" to personnel files or medical files and disclosure of the matter "would constitute a clearly unwarranted invasion of personal privacy." As to "similar files," SSNs are unique identifying numbers for particular individuals and so constitute "similar files." The Supreme Court has interpreted exemption 6 “files” broadly

to include any "information which applies to a particular individual." *United States Dep't of State v. Wash. Post Co.,* 456 U.S. 595, 602 (1982). As to personal privacy, the disclosure of an individual's SSN in connection with that individual "would constitute a clearly unwarranted invasion of personal privacy." *Sherman v. U.S. Dep't of the Army*, 244 F.3d 357, 365 (5th Cir. 2001) (". . . [A]n individual's informational privacy interest in his or her SSN is substantial. The privacy concern at issue is not, of course, that an individual will be embarrassed or compromised by the particular SSN that she has been assigned. Rather, the concern is that the simultaneous disclosure of an individual's name and confidential SSN exposes that individual to a heightened risk of identity theft and other forms of fraud." (citation omitted)). Moreover, revelation of PPP borrowers' SSNs contributes nothing "to public understanding of the operations or activities of the government[,]" *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1982), and thus no public interest outweighs the borrowers' privacy interest in the nondisclosure of their SSNs. Therefore, to any extent that a Media Plaintiff's request were construed to reasonably describe records with SSNs, SBA properly withholds SSNs under FOIA Exemption 6.

10. EINs Fall Within FOIA Exemption 3. Section 6103(a) of the Internal Revenue Code (26 U.S.C. § 6103) states: "Returns and return information shall be confidential, and except as authorized by this title--(1) no officer or employee of the United States . . . shall disclose any return or return information obtained by him in any manner in connection with his service as such an officer or an employee . . . ." Section 6103(b) defines "return information" to include "a taxpayer's identity . . . but such term does not include data in a form which cannot be associated with, or otherwise identify, directly or indirectly, a particular taxpayer." Section 552(b)(3) provides: "This section does not apply to matters that are-- . . . (3) specifically exempted from

disclosure by statute (other than section 552b of this title), if that statute-- (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph." Section 6103 of the Internal Revenue Code became law prior to the OPEN FOIA Act of 2009 (Pub. L. No. 111-83, 123 Stat. 2184). The EIN of an individual or organization is unique in its association with that individual or organization, and by virtue of that association reveals "a taxpayer's identity," especially when the EIN is associated with specific names already disclosed by the SBA to the Media Plaintiffs. Thus, an EIN does not fall within the exception to section 6103 confidentiality that applies when return information cannot be associated with or otherwise identify a particular taxpayer.

Section 6103 requires all federal officers and employees, including those of the SBA, to maintain the confidentiality of return information, which includes "a taxpayer's identity." Section 6103 also constitutes a withholding statute for purposes of section 552(b)(3) of title 5. *Church of Scientology of California v. IRS*, 484 U.S. 9, 11 (1987); *Tax Analysts v. IRS*, 117 F. 3d 607, 611 (D.C. Cir. 1997) ("That § 6103 is the sort of nondisclosure statute contemplated by FOIA exemption 3 is beyond dispute."). Thus, officers and employees of the SBA have a duty to withhold from FOIA disclosure "a taxpayer's identity," and disclosure of a PPP borrower's EIN would reveal that borrower's identity as a taxpayer. Accordingly, this Court should sustain the SBA's withholding from disclosure under the FOIA of the EINs of PPP borrowers.

11. <u>Conclusion: Sustain SBA Withholding of Loan Status, SSNs, and EINs.</u> For the reasons set forth above, the SBA properly withheld from disclosure under FOIA records, or reasonably segregable portions of records, that would reveal a PPP borrower's loan status, SSN, and EIN.

Sustaining these SBA withholdings from disclosure also will encourage future participation in the PPP, advancing the purposes for which Congress established the program: "to help businesses retain workers and meet financial obligations."

Dated: March 17, 2021

Respectfully submitted,

GOLDSTEIN LAW PARTNERS, LLC

/s/ *Jonathan S. Goldstein*
Jonathan S. Goldstein (I.D. #PA0072)
11 Church Road
Hatfield, PA 19440
Phone: 610.949.0444
Fax: 610.296.7730
jgoldstein@goldsteinlp.com

*Counsel for Amicus Curiae NFIB*

Service required on: BALLARD SPAHR LLP
Attn: Charles D. Tobin
Maxwell S. Mishkin
Kristel Tupja
1909 K Street NW, 12th Floor
Washington, D.C. 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
tupjak@ballardspahr.com

*Counsel for Plaintiffs*

INDRANEEL SUR
(D.C. Bar No. 978017)
Trial Attorney
U.S. Department of Justice Civil Division
Federal Programs Branch
P.O. Box 883 Washington, DC 20044
Tel.: (202) 616-8488
Fax: (202) 616-8470
Email: Indraneel.Sur@usdoj.gov

*Counsel for Defendant*