# EXHIBIT A

## Non-Disclosure Agreement

This Non-Disclosure Agreement (the "**Agreement**") is entered into as of the date set forth in the signature block below, between Valley Economic Development Center, Inc. ("**VEDC**"), and _____ ("**INTERESTED PARTY**")**.

WHEREAS, VEDC's Chapter 11 bankruptcy proceeding is currently pending before the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "**Bankruptcy Court**"), Case No.: 1-19-bk-11629-DS, and

WHEREAS, VEDC owns and may seek to close a sale (a "**Sale**") of all or portion of a loan portfolio (the "**Portfolio**"), and

WHEREAS, VEDC has filed an application to employ Keen-Summit Capital Partners LLC ("**Keen**") to serve as its broker to market the Portfolio if VEDC elects to sell the Portfolio, and

WHEREAS, VEDC, for the sole purpose of potentially consummating a Sale, wishes to disclose to INTERESTED PARTY certain written and/or oral confidential and proprietary information relating to the Portfolio and, potentially, to engage in confidential discussions pertaining to the prospective Sale. For purposes of this Agreement, the term "**Confidential Information**" shall include, without limitation,

1. all information, data, reports, analyses, compilations, studies, interpretations, projections, forecasts, records and other materials (whether prepared by the VEDC or Keen or otherwise and in whatever form maintained, whether documentary, computerized or otherwise) related or pertaining to the Portfolio,

2. all notes, summaries, or other material derived therefrom, that contain or otherwise reflect information concerning the Portfolio and that are disclosed in the course of INTERESTED PARTY's evaluation of a possible transaction, and

3. the fact of INTERESTED PARTY's possible interest in a Sale, the fact of INTERESTED PARTY's communications with VEDC and/or Keen regarding the Portfolio and/or a Sale, and/or any and all details regarding the terms and conditions of a Sale, if any, and

WHEREAS, the parties hereto intend for this Agreement to be binding upon their respective affiliates and each of their respective officers, directors, employees, financial partners, lenders, advisors, attorneys, accountants, consultants, agents and representatives (collectively, "**Representatives**");

NOW WHEREFORE, VEDC agrees to disclose, and INTERESTED PARTY agrees to receive and use, such Confidential Information subject to terms and conditions set forth below:

1. INTERESTED PARTY agrees:

    a. not to use any Confidential Information except for the sole purpose of evaluating the merits of a potential Sale and the terms thereof;

    b. to keep confidential and not to disclose any Confidential Information to persons or entities other than its Representatives with a need to know the information contained therein; *provided*, that such Representatives shall be bound by obligations of confidentiality materially the same as the confidentiality and non-use terms of this Agreement, have been informed of the confidential nature of the Confidential Information and are directed to abide by and have agreed to the terms of this Agreement;

    c. not to disclose: (i) that the Confidential Information has been made available to INTERESTED PARTY; (ii) that INTERESTED PARTY may be considering a Sale; (iii) that INTERESTED PARTY and/or its Representatives have had, are having or propose to have any discussions or negotiations with VEDC with respect to the Portfolio; and/or (iv) that INTERESTED PARTY and/or its Representatives are bidding for a Sale (the foregoing being deemed Confidential Information); and

    d. not to communicate regarding the Confidential Information and/or the Sale with VEDC'S employees, customers, vendors, secured creditors and/or unsecured creditors without the prior written consent of VEDC. For the avoidance of doubt, nothing in this Agreement will restrict or preclude the INTERESTED PARTY's or its Representatives' communications in the ordinary course of business unrelated to the Sale.

2. Confidential Information shall not include any information that:

    a. is or becomes generally available to the public other than as a result of a disclosure by INTERESTED PARTY or any of its Representatives in violation of this Agreement,

    b. is already known to INTERESTED PARTY or its Representatives or is already in its or their possession prior to its disclosure to INTERESTED PARTY by VEDC or its Representatives,

    c. becomes available to INTERESTED PARTY from a source other than VEDC or its Representatives, provided that such source is not, to INTERESTED PARTY's knowledge after due inquiry, in breach of an obligation of confidentiality to the VEDC, or

    d. is independently developed by INTERESTED PARTY or its Representatives without reliance on Confidential Information.

3. VEDC may elect at any time to terminate further access by INTERESTED PARTY to the Confidential Information. Upon written request by VEDC, In agrees to promptly destroy or return to the VEDC, at INTERESTED PARTY's option, all Confidential Information, and to confirm in writing (e-mail being sufficient) that all such material has been either returned or destroyed in compliance with this Agreement. VEDC and INTERESTED PARTY further acknowledge that no such termination will affect their obligations of Confidentiality hereunder or those of their Representatives, all of which obligations shall continue in effect for the term of this Agreement. Notwithstanding the foregoing:

    a. INTERESTED PARTY may retain copies of the Confidential Information and such portion of the Confidential Information that:

        i. are stored on INTERESTED PARTY's information technology backup and/or disaster recovery systems until the ordinary course deletion thereof;

        ii. may be found in any analyses, compilations, forecasts, studies, projections or other documents prepared by INTERESTED PARTY or its Representatives for INTERESTED PARTY's or its Representatives' files in accordance with such party's respective document retention policies;

        iii. INTERESTED PARTY is required to maintain in accordance with applicable governmental laws, rules and regulations;

        iv. INTERESTED PARTY's legal counsel advises in writing INTERESTED PARTY to retain; and/or

        v. are related or pertain to any dispute relating to or arising out of this Agreement; and

    b. INTERESTED PARTY shall continue to be bound by the terms and conditions of this Agreement while INTERESTED PARTY retains Confidential Information pursuant to subparagraph (a) above.

4. Voluntary or inadvertent disclosure of materials that are subject to the attorney-client privilege, the work-product doctrine, or any other privilege or immunity from discovery shall not constitute a waiver of, or an estoppel as to any claim of, such privilege or protection. Any party who has received inadvertently such materials shall, upon learning that such materials are subject to a claim of privilege, immediately return such materials to the party that produced them.

VEDC Non-Disclosure Agreement
December 11, 2019
Page 3 of 6

5. If VEDC or INTERESTED PARTY discover that INTERESTED PARTY and/or one or more of its Representatives have disclosed or used Confidential Information in contravention of this Agreement, then Recipient hereby covenants to immediately notify VEDC thereof and to assist VEDC in recovering such Confidential Information and in mitigating any damages resulting therefrom.

6. Notice pursuant to this Agreement shall be deemed given when transmitted via certified mail, return receipt requested or via Federal Express or other recognized standard overnight delivery to:

As to _____:

_____

| | |
|---|---|
| Address: | _____ |
| Address: | _____ |
| Address: | _____ |
| ATTN: | _____ |
| Work Telephone: | _____ |
| Cell Telephone: | _____ |
| Email: | _____ |

If to Valley Economic Development Center, Inc.:

Valley Economic Development Corporation
David K. Gottlieb, Chief Restructuring Officer
5121 Van Nuys Blvd., 3rd Floor
Los Angeles, CA 91403
dgottlieb@dkgallc.com

With copies to:

Levene, Neale, Bender, Yoo & Brill LLP
10250 Constellation Blvd, Suite 1700
Los Angeles, CA  90067
Attn:  Ron Bender, Esq.
         Eve H. Karasik, Esq.
         rb@lnbyb.com; ehk@lnbyb.com

7. If requested or required (by law, court order, stock exchange, self-regulatory organization, governmental agency, regulatory body, oral questions, interrogatories, requests for information, subpoena, civil investigative demand, or similar process) to disclose any Confidential Information,

    INTERESTED PARTY agrees, to the extent legally permissible, to provide VEDC with prompt written notice of such request so as to allow the VEDC to seek an appropriate protective order and/or waive compliance with the provisions of this Agreement.  If, failing the entry of a protective order or the receipt of a waiver hereunder, INTERESTED PARTY or INTERESTED PARTY's Representatives are, in the opinion of INTERESTED PARTY or INTERESTED PARTY's Representatives' counsel, as the case may be, required to disclose Confidential Information, INTERESTED PARTY may disclose only that portion of such information as is legally required without liability hereunder; *provided*, that INTERESTED PARTY agrees to exercise INTERESTED PARTY's reasonable efforts to obtain assurance that confidential treatment will be accorded such information.  Notwithstanding anything in this Agreement to the contrary, INTERESTED PARTY and its Representatives may disclose Confidential Information without notice, a protective order or other remedy where disclosure is in connection with a routine audit or examination by, or a document request from, a regulatory or self-regulatory authority, bank examiner or auditor that does not reference the VEDC or the Sale.

8. INTERESTED PARTY agrees that no contract or agreement providing for any Sale shall be deemed to exist between INTERESTED PARTY and VEDC unless and until INTERESTED PARTY and VEDC execute and deliver a final definitive agreement relating thereto (a "**Sale Agreement**"), and INTERESTED PARTY hereby waives, in advance, any claims (including, without limitation, breach of contract) in connection with any Sale unless and until INTERESTED PARTY and VEDC shall have executed and delivered a Sale Agreement.  INTERESTED PARTY also agrees that unless and until INTERESTED PARTY and VEDC shall have executed and delivered a Sale Agreement, neither INTERESTED PARTY nor VEDC will be under any legal obligation of any kind whatsoever with respect to a Sale by virtue of this Agreement except for the matters specifically agreed to herein.  INTERESTED PARTY further acknowledges and agrees that VEDC reserves the right, in its sole discretion, to reject any and all proposals made by INTERESTED PARTY or INTERESTED PARTY's Representatives with regard to a Sale, and to terminate discussions and negotiations with INTERESTED PARTY at any time.  INTERESTED PARTY further understands that VEDC shall be free to establish and change any process or procedure with respect to a Sale as VEDC in its sole discretion shall determine (including, without limitation, negotiating with any other party and entering into a Sale Agreement with any other party without prior notice to INTERESTED PARTY or any other person).

9. INTERESTED PARTY understands and agrees that, except pursuant to a Sale Agreement, neither VEDC, Keen nor any of their respective Representatives (i) have made or make any representation or warranty, express or implied, as to the accuracy or completeness of the Confidential Information or (ii) shall have any liability whatsoever to INTERESTED PARTY or any of INTERESTED PARTY's Representatives relating to or resulting from the use of the Confidential Information or any errors therein or omissions therefrom.

10. INTERESTED PARTY understands and agrees that, except pursuant to the Sale Agreement to be entered between the VEDC and INTERESTED PARTY, VEDC, Keen nor any of their respective Representatives:

    a. have made or make and expressly disclaim making any written or oral statements, representations, warranties, promises or guarantees, whether express or implied or by operation of law or otherwise, with respect to the Portfolio or with respect to the accuracy, reliability or completeness of the Confidential Information;

    b. to the fullest extent permitted by law, shall have any liability whatsoever to INTERESTED PARTY or any of INTERESTED PARTY's Representatives on any basis (including, without limitation, in contract, tort, under federal, foreign or state securities laws or otherwise) as a result of, relating or pertaining to, or resulting or arising from INTERESTED PARTY's or INTERESTED PARTY's Representatives reliance on the Confidential Information, or INTERESTED PARTY's or INTERESTED PARTY's Representatives use or non-use of the Confidential Information, for any

        alleged acts or omissions of VEDC, Keen or any of their respective Representatives, or any errors or omissions in the Confidential Information;

    c. shall have any liability or responsibility for any decisions made by INTERESTED PARTY or its Representatives in reliance on any Confidential Information;

    d. will be under any obligation or duty (express or implied) to make available to INTERESTED PARTY or its Representatives any Confidential Information; and

    e. will be under any duty or obligation (express or implied) to update, supplement, revise or correct any Confidential Information disclosed under this Agreement, regardless of the circumstances.

11. INTERESTED PARTY is advised to conduct their own due diligence prior to submitting an offer for the Portfolio and to engage the services of legal counsel, accountants and such other financial advisors as may be required to understand the Portfolio.

12. It is further understood and agreed that money damages would not be a sufficient remedy for any breach of this Agreement and that VEDC shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any such breach, and INTERESTED PARTY further agrees to waive any requirement for the securing or posting of any bond in connection with such remedy. Such remedy shall not be deemed to be the exclusive remedy for breach of this Agreement but shall be in addition to all other remedies available at law or equity to VEDC.

13. This Agreement shall be governed by and construed in accordance with the laws of the State of California without regard to conflict of law principles (that might dictate the application of the laws of another jurisdiction). The parties hereby irrevocably and unconditionally consent to submit to the exclusive jurisdiction of the Bankruptcy Court for any lawsuits, claims or other proceedings arising out of or relating to this Agreement, and hereby further irrevocably and unconditionally waive the right and agree not to plead or claim in any such court that any such lawsuit, claim or other proceeding brought in any such court has been brought in an inconvenient forum. EACH OF THE PARTIES HERETO EXPRESSLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT. The Parties irrevocably waive any claim that such courts lack jurisdiction over such party, and agree not to plead or claim, in any legal action or proceeding with respect to this agreement or the transactions contemplated hereby brought in any of the aforesaid courts, that any such court lacks jurisdiction over such party.

14. Attorneys' Fees. If any party to this Agreement brings an action directly or indirectly based upon this Agreement or the matters contemplated hereby against any other party, the prevailing party shall be entitled to recover from the non-prevailing party, in addition to any other appropriate amounts, its reasonable costs and expenses in connection with such proceeding, including, but not limited to, reasonable attorneys' fees and arbitration and/or court costs.

15. INTERESTED PARTY warrants and represents that it is a principal acting on its own behalf, and not as a broker, finder or agent acting on another's behalf. INTERESTED PARTY acknowledges that it will not look to VEDC and/or Keen and their respective Representatives for the payment of any fee or commission. INTERESTED PARTY hereby agrees to indemnify, defend and hold VEDC and Keen and their respective Representatives harmless from and against any and all claims, damages, losses and liabilities, costs and expenses (including reasonable attorneys' fees and disbursements) arising out of any claim or claims by any broker, finder or similar agent for commissions, fees or other compensation who allege that they have dealt with VEDC any and/or Keen in connection with the Portfolio as an agent of VEDC. INTERESTED PARTY understands that VEDC, Keen, and their respective Representatives have not agreed to pay any brokerage commissions, finder's fee or other compensation to any INTERESTED PARTY broker, finder or agent in connection with INTERESTED PARTY's possible Sale. If INTERESTED PARTY is working with a

      broker or finder other than Keen, INTERESTED PARTY agrees that INTERESTED PARTY shall be responsible for the payment of any fees, if any, to such broker, finder or agent.

16.     The term of this Agreement shall expire upon the earlier of: (i) (2) years from the date hereof, or (ii) the date of execution of Sale Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the last day and year set forth below.

**AGREED & ACCEPTED THIS \_\_\_ DAY OF DECEMBER, 2019**

**INTERESTED PARTY**

_____

By: _____

Name:
Title:


**AGREED & ACCEPTED THIS \_\_\_ DAY OF DECEMBER, 2019**

**VALLEY ECONOMIC DEVELOPLMENT CENTER, INC.**

_____

By: _____

Name:   David K. Gottlieb
Title:    Chief Restructuring Officer